# HENRY TAPPAN

*v.*

# THE PEOPLE, ETC., for use of Trustees of Schools, etc.

1. COLLECTOR'S BOND—*for whose use suit should be brought to recover school taxes.* In a suit upon the bond of a collector, to recover school taxes levied by the school directors of a township, and collected, the suit is properly brought in the name of the People of the State of Illinois, for the use of the trustees of schools of the township. The recovery, in such case, will be in trust for the several school districts wherein the taxes were levied.

2. SAME—*presentation of county clerk's certificate of school tax due each district.* The presentation, by the township treasurer to the collector, of the county clerk's certificate of the amount of district school tax due each district in his township, as required in section 45 of the school law, is not regarded as a prerequisite to a right of action on the collector's bond for the taxes collected by him, and need not be averred in the declaration.

3. But, in order to the recovery of the twelve per centum on the amount of the taxes due, given by the 46th section of the same law, it is necessary

that such certificate should be presented before suit, and such presentation should be averred in the declaration. This percentage being a penalty, the statuté, in respect to its recovery, must receive a strict construction.

4. SAME—*whether penalty is collectible of sureties.* The twelve per cent penalty given by the 46th section of the school law, for the neglect or failure of the collector to pay over school taxes on presentation of the county clerk's certificate, and demand by the township treasurer, may be collected of the collector and his sureties in an action of debt upon his bond, and judgment therefor may be properly rendered against them in such suit.

5. SAME—*form of judgment in suit on bond.* In a suit upon a collector's bond, for school taxes collected by him for several school districts of a township, the court rendered judgment in favor of the trustees of schools of the township for the whole sum, without specifying the amounts due the respective districts, which was assigned for error; but it was *held,* that this was a matter in which the township treasurer and school districts were alone interested, and of no concern to the defendants. It was, however, recommended that, on another trial, the judgment should find the amounts due each district, as a matter of convenience to the school officers.

APPEAL from the Circuit Court of Macoupin county; the Hon. HORATIO M. VANDEVEER, Judge, presiding.

Messrs. JOHN M. & JOHN MAYO PALMER, and Mr. W. R. WELCH, for the appellant.

Mr. JOHN I. RINAKER, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of debt, in the name of the People of the State of Illinois, for the use of the trustees of schools of township No. 12 north, of range No. 6 west of the third principal meridian, against Tappan, the appellant, collector of taxes of Macoupin county, and his sureties, on the official bond of the former as such collector, to recover the amount of district school taxes levied in eight several school districts of said township, alleged to have been collected by Tappan as collector of taxes for the year 1862.

A demurrer to the declaration was overruled by the court below. The defendants stood by their demurrer, and the court rendered judgment against them for the penalty of the bond, to be discharged upon the payment of $1217.50, the damages which had been assessed by a jury. Tappan appealed.

The errors assigned are, the overruling of the demurrer, and the rendering judgment for an aggregate sum without specifying the respective amounts recovered for the several school districts.

It is first objected, that the suit was wrongly brought for the use of the trustees of schools of the township; that it should have been brought for the use of the township treasurer, or for the use of the school districts.

It is true, that it is the duty of the collector to pay over the district school taxes collected to the township treasurer; and the statute provides that, on failure of the collector to pay such taxes to the treasurer on demand, it shall be competent for the treasurer or any authorized person to proceed against the collector and his securities, etc. Yet, it does not follow that the suit on the collector's bond must be brought for the use of the township treasurer. The statute is silent as to the person for whose use the action is to be brought in such case. Neither the trustees of schools nor the township treasurer would recover the taxes for their private use. The recovery would be in trust for the several school districts wherein the taxes were levied. The trustees of schools of the township are made, by statute, a body corporate, with power to sue and be sued, etc. The township treasurer is appointed and removable by them, and is but the fiscal officer and clerk of the corporation. The avails of a recovery for the use of the trustees of schools would be paid into the hands of the township treasurer, to be by him held for the school districts, and to be paid out on the order of their boards of school directors.

Section 62 of the school act of 1857, provides that all suits brought, or actions instituted under the provisions of the act,

may be brought in the name of the board of trustees of township ——, range ——, except as is provided for actions *qui tam* in the act, or in favor of county superintendents. It is answered to this : that the present suit is not brought under the provisions of the school law, but that it is an action upon the collector's bond. Granting that, still, the provision indicates, what also various other provisions of the school act which might be cited, go to show, that it is in consonance with the manifest spirit and intent of the whole tenor of the school law that the suit should be brought for the use of the trustees of schools, rather than for that of the township treasurer. There is an obvious fitness, too, that the body corporate, itself, should be the party to the suit, rather than its subordinate officer, as is the township treasurer.

We do not regard the objection as well taken, that the suit should have been brought for the use of the township treasurer instead of the trustees of schools. And we consider as equally unfounded the claim that the suit should have been brought for the use of the school directors of the districts. Although these district school taxes are levied by the school directors for the benefit of the school districts, they do not, under the statute, go into the hands or the keeping of the school directors, but they are paid into the hands of the township treasurer, to be by him kept, and only paid out upon the order of the proper board of school directors, stating the purpose for which, and on what account drawn. School districts, too, are subject to be altered or changed at any regular session of the school trustees, and in case of the formation of a new district from one or more districts, the township trustees of schools are required by the statute to make division of the tax funds in the hands of the township treasurer, or which may be received by him, and distribute them among the districts concerned according to a certain mode pointed out in the statute. In order, then, to meet the contingency of any alteration of the school districts by the township trustees, it is necessary that the taxes should go into the hands of the

township treasurer where the trustees can control any division and distribution of them they may make.

We are of opinion that the suit was properly brought for the use of the trustees of schools of the township.

Section 45 of the school act of 1857, provides that, on or before the first day of April next after the delivery of the tax books to the collector, or so soon thereafter as the township treasurer shall present the county clerk's certificate of the amount of district school tax due each district in his township, and make a demand thereof, the collector shall pay to the township treasurer the full amount of the tax so certified by the county clerk, retaining only his fees for collection. The next section, 46, provides that, if any collector shall fail to pay the amount of said tax, or any part thereof, as required in the aforesaid section, it shall be competent for the township treasurer, or other authorized person, to proceed against such collector and his securities in an action of debt, etc., and the said collector, so in default, shall pay twelve per centum upon the amount due, to be assessed as damages, which shall be included in the judgment rendered against him.

It is objected that the declaration is defective in not averring such demand, and the presentation of such certificate as named in the 45th section.

The declaration, we think, does sufficiently aver the demand, but it is silent as to presenting the certificate. But we can not regard that as an essential prerequisite to a right of action on the bond for the taxes collected. The only purpose of presenting the certificate would seem to be, to acquaint the collector with the amount of district school taxes due the school districts in the township. But the collector has the means of such information in his own hands by an inspection of the tax books in his possession. The tax books, as we understand, have set down in them the same statement of the amount of taxes as that contained in the certificate. We do not perceive that the presentation of the certificate is

material in order to the paying over of the taxes by the collector. After the time limited by the statute for their payment by him, the collector should pay over these taxes which he has collected to the township treasurer on demand. He has no just claim to retain them afterwards, and his doing so, we are of opinion, should be regarded as a breach of his official duty as collector, for which he is liable on his official bond, even though the treasurer may have neglected to present the certificate. At least, we must so regard it as respects the declaration, and if the neglect to present the certificate did, in truth, furnish any just excuse for not paying over the taxes, the collector must show it in defense.

But, in order to the recovery of the twelve per centum on the amount due, given by the said 46th section, we are of opinion that the certificate should have been presented. This percentage is a penalty, and the statute, in respect to that, is to receive a strict construction. Differently from taxes collected, there is no duty on the part of the collector to pay this penalty, except as it has accrued by the very terms of the statute. The penalty is given by the 46th section only on failure to pay the amount of the tax, or any part thereof, as required in the 45th section. The requirement of that section is, to pay on or before the day therein named, or so soon thereafter as the township treasurer shall present the clerk's certificate of the amount due each district and make a demand therefor. Without the presentation of such certificate, there would be no failure to pay as required by the 45th section, and, therefore, no such failure to pay as, by the terms of the statute, would incur the penalty. Without an averment of the presentation of this certificate, the declaration, in our opinion, was defective in making out a title to this penalty, and for want of that averment, the demurrer to the assignment of breach for the non-payment of twelve per centum on the amount of taxes due, should have been sustained, and there was error in overruling the demurrer to that assignment of breach.

It is insisted further, that this twelve per centum on the amount of the taxes due is recoverable only against the collector himself, and that the remedy for its recovery is not by an action upon the bond, but by a special proceeding under that section. The proceeding contemplated by the section is one by an action of debt against the collector and his securities, and we must intend it to be one upon the bond, wherein is to be found the obligation which the sureties have assumed. It would be an anomalous proceeding to charge sureties in a bond otherwise than by virtue of their bond, and in an action thereon for its breach, and we can not suppose that any different proceeding against the collector and his securities, than one upon the bond, was contemplated by the statute, in the absence of language expressly so declaring.

Although the language of the section is, that the collector, so in default, shall pay twelve per centum, etc., to be assessed as damages, which shall be included in the judgment rendered against him, we can not think it was intended that, in a joint action against the collector and his sureties, there should be a joint judgment against them all for the taxes collected, and a separate judgment against the collector alone for this percentage. That would be in violation of the legal rule that, in a joint action on a contract, there can be but one judgment, and that against all the defendants. Although the statute speaks only of a judgment against the collector, we do not understand that to preclude the idea that there may be a judgment against the sureties also with him. The majority of the court are of opinion that this percentage is recoverable against the collector and his sureties in an action upon the bond.

As to the judgment for an aggregate sum, without specifying the amounts due the respective districts, that would seem to be a matter in which only the township treasurer and the school districts are interested, and not to concern the defendants. Had the taxes been paid over to the township treasurer on demand, they could have been received as an aggregate

sum. It might be well, however, on another trial, for the jury to find, by a special verdict, what portions of the total amount are due the several school districts, so as to save the township treasurer the embarrassment of ascertaining the same by extrinsic inquiry.

For the error above indicated, in overruling the demurrer, the judgment will be reversed and the cause remanded.

*Judgment reversed.*