MICHAEL BYRNE

*v.*

THE TOWN OF LA SALLE.

*Filed at Ottawa January 19, 1888.*

1. TAXATION—*personal liability for taxes due on forfeited property.* Under section 230 of the Revenue law, a judgment recovered by any county, city, town, etc., for the taxes due on forfeited land or town lots, is as binding as if recovered on a promissory note, and the plaintiff will have the right to collect it by execution, the same as any other judgment.

2. After such judgment the tax debtor can not inaugurate a proceeding under section 203 of that law, and have his land or lots sold to the highest bidder, and thereby relieve himself from personal liability to pay his taxes. Such a proceeding will have no effect on the judgment.

3. If the authorities intrusted with the collection of the revenue should proceed under section 203 of the Revenue act, and should cause the forfeited lands to be sold for the amount of the delinquent taxes due thereon, such might be a bar to an action afterward brought to recover a personal judgment against the owner under section 230, but such proceeding would not in any way impair the validity of a personal judgment already rendered.

APPEAL from the County Court of La Salle county; the Hon. FRANK P. SNYDER, Judge, presiding.

Mr. R. D. McDONALD, and Mr. JAMES W. DUNCAN, for the appellant.

Mr. S. P. HALL, and Messrs. BULL, STRAWN & RUGER, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This is an appeal from a decision of the county court of La Salle county, refusing to quash an execution issued upon a certain judgment rendered in the county court, in favor of the town of La Salle, against Michael Byrne, and refusing to vacate a levy on certain property, which had been made under and by virtue of the execution.

The facts upon which the motion was predicated may be stated in a few words. In 1869 Michael Byrne became the owner of certain lots in the town of La Salle, and continued to be the owner from 1869 to 1883, inclusive. During the period stated, Byrne failed to pay the taxes on the lots, and the property, from year to year, was forfeited to the State. The town of La Salle brought an action against Byrne to recover the amount of taxes due on the property, and at the March term of the county court, 1885, a judgment was rendered for $246.16. Upon this judgment an execution was issued and levied on the lots owned by Byrne, and he appeared in the county court and entered this motion to vacate the levy and quash the execution. After the judgment had been rendered, and in the month of September, 1885, Byrne presented an affidavit to the county judge, county clerk and treasurer of La Salle county, to the effect that the taxes on the lots in question exceeded the actual value of the lots, and the officers to whom the affidavit was presented granted a certificate that the taxes exceeded the value of the lots. This certificate was presented to the county treasurer and collector of taxes, and that officer advertised and sold the lots at public vendue, and this sale, it is claimed, worked a satisfaction of the judgment.

The proceeding relied upon as a satisfaction of the judgment is predicated upon section 203 of the Revenue law, (Starr & Curtis' Stat. p. 2095,) as follows: "Every tract or lot so

offered at public sale, and not sold for want of bidders, shall be forfeited to the State of Illinois: *Provided, however,* that whenever the county judge, county clerk and county treasurer shall certify that the taxes on forfeited lands equals or exceeds the actual value of such lands, the officer directed by law to expose for sale lands for delinquent taxes, shall, on the receipt of such certificate, offer for sale, to the highest bidder, the tract or lands in such certificate described, after first giving ten days' notice of the time and place of sale, together with a description of the tract or lands so to be offered, and a certificate of purchase shall be issued to the purchaser at such sale, as in other cases in this act provided; and the county collector shall receive credit, in his settlement with the custodian of the several funds for which such tax was levied, for the amount not realized by such sale, and the amount received from any such sale shall be paid by such collector, *pro rata,* to the custodian of the several funds entitled thereto."

Section 230 of the Revenue law provides, that "the county board may, at any time, institute suit in an action of debt, in the name of the People,  *  *  *  for the whole amount due on forfeited property; or any county, city, town, school district, or other municipal corporation, to which any such tax may be due, may, at any time, institute suit in an action of debt, in its own name,  *  *  *  for the amount of such tax due any such corporation on forfeited property, and prosecute the same to final judgment."    It was under this section of the statute that the town of La Salle recovered judgment against Byrne.    The judgment was rendered for a definite sum of money, and it was as binding and obligatory as if it had been rendered upon a promissory note.    It differed in no manner from an ordinary judgment rendered in the circuit or county court in an action of debt or assumpsit.    The plaintiff who recovered the judgment had the right to collect it by execution, in the same manner that any other judgment might be collected.    It is not claimed that the judgment has been paid,

and not having been paid, the plaintiff had the undoubted right to enforce its collection by execution, unless there is some provision of the statute which authorized the defendant, Byrne, to escape liability by some other method. The statute, however, contains no provision of that character. There is no provision of the statute providing that a personal judgment rendered for taxes, such as this was, may be discharged in any other or different mode from that in which ordinary judgments may be discharged. Section 203 is one method provided under which the State, county or municipal authorities may enforce the collection of the revenue, and section 230 is another mode. It may be true, if the State, county or town authorities intrusted with the collection of the revenue had instituted proceedings under section 203, and had caused the lands to be sold for the amount of delinquent taxes due thereon, that such proceeding might be a bar to an action subsequently brought to recover a personal judgment under section 230; but no such case is presented by this record. Those whose duty it was to collect the revenue, did not proceed under section 203. No steps whatever were ever taken by the State, county or town authorities under that section of the statute. On the other hand, a suit was brought, and a personal judgment recovered, under a different provision of the statute. The proceeding inaugurated under section 203 was instituted and carried on by Byrne, whose duty it was to pay the taxes, and we see nothing in the statute from which it may be inferred that the legislature ever intended, by its enactment, to aid any person in escaping the payment of his share of the public burden. Such, in our opinion, was not its object. The proceedings taken by Byrne under section 203, in our opinion, had no bearing or effect whatever on the judgment which the town of La Salle recovered against him.

The judgment of the county court will be affirmed.

*Judgment affirmed.*