THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* DANA W. MOORE *et al.* Appellants.

*Opinion filed June 16, 1909.*

1. EVIDENCE—*burden of proof in action against school directors to recover money paid out without authority of law.* In an action of debt against school directors to recover money alleged to have been paid out by them without authority of law, the burden is on the plaintiff to show that the law was not complied with and not upon the defendants to show that it was.

2. SCHOOLS—*a high school is a part of the common schools.* A high school is a department of the common or free schools of the State, and it, as well as the grade schools, must be open to all children of the district of school age, free, and if the right of attendance is extended to children of other districts it must be upon the same terms to all similarly situated.

3. SAME—*conditions for transferring pupils must be the same.* The terms and conditions upon which the transfer of pupils from one district to another shall be permitted are matters for the legislature to determine, and it may make different terms or conditions where the transfer is to grade schools and where it is to high

schools, but in either case the same privileges must be extended to all children under the same circumstances.

4. SAME—*section 35 of general School law applies to transfer of pupils to high school.* If the provisions of section 35 of article 5 of the general School law have been complied with in the matter of transferring pupils from one district to another the directors of the district where the pupils reside may pay the amount demanded by the district to which the pupils are transferred, even though they are transferred to a high school in such district.

5. CONSTITUTIONAL LAW—*act of 1907, concerning high school privileges for eighth grade graduates, is invalid.* The act of 1907, (Laws of 1907, p. 523,) providing that eighth grade graduates in a district not maintaining a high school may attend the high school of another district, is invalid, in that it requires tuition to be paid by parents and guardians who are able to pay, whereas if they are unable the tuition is to be paid by the school board from the funds of the district.

APPEAL from the Circuit Court of Vermilion county; the Hon. M. W. THOMPSON, Judge, presiding.

H. A. SWALLOW, and REARICK & MEEKS, for appellants.

J. B. MANN, and J. W. KEESLAR, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This was an action of debt, brought under section 11 of article 15 of the School law, against two of the directors of school district No. 112 in Vermilion county, to recover money of their district claimed to have been paid out on their order without authority of law. A judgment was rendered against the defendants, from which they have appealed to this court on the ground that the constitutionality of a statute is involved.

District No. 112, known as the Roselawn district, maintains a school in which grades from one to eight, inclusive, are taught but does not maintain a high school. District No. 118, in the same county but in another township, and

known as the Danville district, does maintain a high school. On April 30, 1908, the directors of the Roselawn district granted permits to thirteen pupils of school age and graduates of the eighth grade, residing in said district, to attend the high school in the Danville district from May 1 to June 12, 1908. The board of education consented to accept said pupils and they attended the high school during the time mentioned. The parents and guardians of all the pupils except two were able to pay the tuition, but the defendants, who were two of the directors of the Roselawn district, on July 9, 1908, drew an order on the township treasurer, which he paid, for the sum of $43.90 to pay the tuition of said pupils at the rate of $3 per month, which did not exceed the per capita cost of maintaining the high school. The judgment rendered was for $37.50, the amount of the tuition of the eleven pupils whose parents and guardians were able to pay it.

The constitution commands that the General Assembly shall provide a thorough and efficient system of free schools whereby all children of this State may receive a good common school education. The General Assembly has provided by law for the establishment and maintenance of such schools. The high school maintained by the Danville district was a department of such common or free schools. (*Russell* v. *High School Board,* 212 Ill. 327.) The children of the district, and of other districts, of school age sustained no relation to the high school different from that sustained to any of the grades or other departments of the school. All together constituted the common schools maintained by the district. The fact that foreign languages, the higher mathematics and sciences were taught in the high school did not change its character from that of a common school. *Richards* v. *Raymond,* 92 Ill. 612; *Powell* v. *Board of Education,* 97 id. 375.

The School law has for a great many years provided for the transfer of pupils from the common school of one

district to that of another, whether in the same or another township, substantially in the same manner as is now provided in section 35 of article 5 of that law. That section requires the keeping of a separate schedule for each district from which pupils are received, certifying the proper amount due the teacher from such district, computed *pro rata*. Where the pupils are transferred from the district of another township, as here, the schedule for such district is to be delivered to its directors, and it thereupon becomes their duty immediately to draw an order on their treasurer in favor of the treasurer of the township in which the school is taught, for the amount certified to be due. In this case written permits were given by the directors of the district of the pupils' residence, and the directors of the district to which they went consented. Whether this consent was written or not written and whether the proper schedule was kept and certified does not appear. If the requirements of section 35 were complied with no reason is seen why the Roselawn district did not become liable, under this section, to pay the Danville district the amount demanded. This action is to recover money paid without authority of law, and the burden is upon the plaintiff to show that the law was not complied with and not upon the defendants to show that it was. The testimony as to the amount paid teachers and the number of pupils in the high school was irrelevant because it applied to the time of the trial, January, 1909, and not to the months of May and June, 1908.

It is, however, insisted that the transfer of pupils from a district not maintaining a high school to the high school of a district which does maintain one is governed by the act approved May 25, 1907, entitled "An act to provide free high school privileges for graduates of the eighth grade." That act provides for the payment of tuition from the funds of the district of the pupil's residence only in cases where the parent or guardian of such pupil is unable

to pay tuition. The terms and conditions upon which the transfer of pupils from one district to another shall be permitted are matters for the determination of the legislature. It may, if it sees fit, make different terms or conditions where the transfer is to the department of the common school known as the high school, from those required where the transfer is to the grades lower than the high school. In making such terms and conditions, however, the same privileges must in all cases be extended equally to all children under the same circumstances. The constitutional requirement for the provision of a system of free schools is not only a mandate to the legislature, but also a limitation of its power. It can only authorize the establishment of high schools of the character of free schools whereby all the children of the State may receive a good common school education. The high school, as well as the lower grades, must be open to all children in the district of school age free, so that all shall have the right to an equal education therein. If this right is extended to the children of other districts it must be upon the same terms to all similarly situated. It cannot be extended to different individuals at different prices, according to their ability to pay. Within the district it must be free to all. If open to non-residents the terms must be equal to all. Since the act in question, in providing for the transfer of pupils to the high school, authorized the payment of their tuition only when their parents or guardians were unable to pay tuition, it is obnoxious to section 1 of article 8 of the constitution of the State, under which the system of free schools required to be established must be for the benefit of all the children of the State.

The judgment of the circuit court is reversed and the cause remanded.

*Reversed and remanded.*