R. D. COOK, Appellant, vs. THE BOARD OF DIRECTORS OF SCHOOL DISTRICT No. 80, Appellee.

*Opinion filed December 16, 1914.*

1. SCHOOLS—*high school is part of the system of free schools.* A high school is as much a part of the system of free schools in Illinois as is the district school, in which only the lower grades are taught.

2. CONSTITUTIONAL LAW—*act of 1913, for transfer of pupils to a high school in another district, is not invalid.* The act of 1913, (Laws of 1913, p. 584,) which provides for the transfer of pupils who have finished the eighth grade in a district having no high school to a high school in another district and for payment of the tuition of such pupils by the district from which they are transferred, is not invalid as authorizing the imposition of taxes by authorities other than the corporate authorities of the district, as the fixing of the rate of tuition by the high school board does not amount to imposing a tax upon the other school district.

3. SAME—*payment of tuition of pupils transferred to outside high school is a corporate purpose.* The payment by a school district having no high school, of the tuition of pupils from such district transferred to a high school in another district, is a corporate purpose for which taxes may be levied, and the act of 1913, (Laws of 1913, p. 584,) providing for such payment, is not, therefore, in violation of the provision of the constitution limiting the power of taxation to corporate purposes.

4. SAME—*fact that district may not have funds to transfer all pupils does not render act of 1913 invalid.* The fact that a school district may not have sufficient funds, not otherwise appropriated, to send all of the pupils of the district to an outside high school who may apply to be transferred, is not ground for holding the act of 1913 invalid upon the ground that there would then be a discrimination between the pupils transferred and those whom the district was unable to transfer.

5. MANDAMUS—*the school directors cannot arbitrarily refuse to transfer pupils to a high school.* The exercise of discretionary power by the board of school directors in the matter of transferring pupils to an outside high school under the act of 1913 does not go to the extent of enabling them to arbitrarily refuse to transfer pupils upon demand, and they may be compelled by *mandamus* to comply with the law if no sufficient reason is shown why they cannot do so.

Appeal from the Circuit Court of Lake county; the Hon. Charles Whitney, Judge, presiding.

Cooke, Pope & Pope, for appellant.

James G. Welch, for appellee.

Mr. Justice Vickers delivered the opinion of the court:

This was a petition for a writ of *mandamus* filed in the circuit court of Lake county against the Board of Directors of School District No. 80, in said county, to compel said board of directors to comply with the provisions of an act of the General Assembly of 1913 in regard to high school privileges for graduates of the eighth grade, and to transfer pupils who had finished the eighth grade in said school district No. 80 to the Libertyville High School and to provide for the payment of the tuition of such pupils to the treasurer of said high school district. The petition was filed by R. D. Cook, appellant herein, and alleged that he was, and had been for some time past, a resident and tax-payer in said school district No. 80, and that he is the father of two children within school age, Fannie E. and Emma A. Cook, who reside with appellant and for whose care, nurture and education he is personally responsible. The petition shows that both of appellant's daughters had finished the eighth grade work in the common school maintained in district No. 80 and that no high school was maintained in said district; that it is the wish of appellant and his said daughters that they shall receive the benefits of a high school education, and that the high school in the city of Libertyville is the most convenient and accessible school to appellant, and that said school is maintained as a public high school under the laws of Illinois, having a four years' course. It is alleged that the board of directors of the Libertyville High School has consented to the transfer of appellant's daughters to the Libertyville High School

and fixed the tuition at $36 for each non-resident pupil that is transferred to said high school; that appellant has demanded of the board of directors of district No. 80 that it make such transfer and make provision for the payment of the tuition, and that said board of directors refused to make such transfer or otherwise to comply with the provisions of the act of 1913 relating to the transfer of pupils above the eighth grade to a high school. Appellee appeared and interposed a demurrer to the petition, which was sustained by the circuit court and the petition dismissed. The constitutionality of the statute of 1913 above referred to is involved, and hence the appeal is brought directly to this court.

There are some formal criticisms made upon the petition which are urged as justifying the court in sustaining the demurrer. These objections are not of a serious character and they need not be considered. The question of controlling and paramount importance here is the validity of the statute upon which the petition for *mandamus* is based.

The act of the legislature of 1913 upon which the petition is based is as follows: "That graduates of the eighth grade residing in a school district in which no public high school is maintained, shall be admitted, upon the payment of tuition, to any public high school, with the consent of the school board of the district in which such high school is situated. The tuition of such pupil shall be paid by the district in which they reside, from any funds not otherwise appropriated, but in no case shall the tuition per pupil exceed the *per capita* cost of maintaining the high school selected. The parent, or guardian, shall select the high school to be attended, subject to the approval of the school directors of the home district: *Provided, however,* that the high school selected offers a program of studies extending through four school years. The application of this act shall not relate to districts that provide work in the ninth

and tenth grades, except to pupils that have completed the work of such grades." (Laws of 1913, p. 584.)

A previous statute somewhat similar to the one above quoted was passed by the legislature in 1907. The material difference between the two acts is, the former act provided that the tuition should only be paid by the school district from which the pupils were transferred in cases where the parents or guardians of such pupils were unable to pay said tuition, while in the latter act the tuition shall in all cases be paid by the district in which the pupils reside. The validity of the act of 1907 was challenged in this court in the case of *People* v. *Moore,* 240 Ill. 408, and the act was held unconstitutional because it did not apply uniformly to all pupils of the eighth grade who were similarly situated; that it was not within the power of the legislature to divide the pupils of the same grade into classes, based on the ability or inability of their parents or guardians to pay tuition. The act here under consideration was manifestly passed by the legislature for the purpose of obviating the constitutional objection that existed in regard to the former act. The present act applies to all pupils who have finished the eighth grade work in school districts where no high school is maintained and makes the district in which the pupils reside liable for the high school tuition. If the act of 1913 is unconstitutional, it must be for reasons other than those on account of which the former law was declared invalid.

Appellee contends that the act of 1913 is unconstitutional because it permits the imposition of a tax upon the property of the district by the officers of the high school district, or, differently stated, that the burden is laid upon the tax-payers of the district by persons who are not the corporate authorities of the district in which the transferred pupils reside. This argument is not sound. The authorities of the high school district do not in any sense levy a tax upon the property of the district from which

the pupils are transferred. The tax is levied at the same time, in the same manner and by the same authorities that all other school taxes are levied. The fact that the high school board fixes the rate of tuition furnishes no ground for the argument that thereby a tax is imposed on the district from which the pupils are transferred. The statute limits the tuition to an amount not exceeding the *per capita* cost of maintaining the high school, which will protect the paying district from unreasonable charges for tuition.

Appellee contends that the statute is in conflict with section 10 of article 9 of the constitution of 1870, which provides that the corporate authorities of counties, townships, school districts, cities, towns and villages may be vested with power to assess and collect taxes for corporate purposes, "such taxes to be uniform in respect to persons and property within the jurisdiction of the body imposing the same." As we understand the argument, appellee contends that the payment of tuition to a high school district is not a local or corporate purpose, and that the act is invalid because it purports to authorize such a tax. Section 1 of article 8 of the constitution of 1870 declares that "the General Assembly shall provide a thorough and efficient system of free schools, whereby all children of this State may receive a good common school education." This section of the constitution is both a limitation upon and a mandate to the legislature. It requires that the legislature shall provide for a system of free schools, and in that respect it is a mandate. The system of free schools thus to be established is limited in its purposes to a good common school education for all of the children of the State. The support of such a school is the primary object for which school districts are organized. The "good common school education" which the legislature is compelled to provide for through our system of common schools is not limited to the primary or intermediate grades but may be extended to include a high school education. The high

school for more advanced education is as much a part of our system of free public schools as the district school, in which only the lower grades are taught. (*Russell* v. *High School Board,* 212 Ill. 327; *People* v. *Moore, supra.*) If the contention of the appellee now under consideration be sound, no tax could be legally levied for the support of a high school, whether located in or out of the district. Section 121 of chapter 122 of Hurd's Statutes of 1913 provides for the transfer of pupils from one district to another upon the written consent of a majority of the directors of each district, which written consent shall be filed with the treasurer and shall be evidence of such consent. The duty of collecting the amount due on account of pupils transferred is imposed upon the directors of the district in which the school is taught. Under this statute the power is granted to transfer pupils from one district to another regardless of their grade and by the consent of a majority of the two boards of directors, and the duty to collect the amount due on account of such transferred pupils is laid upon the board of directors where the school is taught. The statute also authorizes the transfer of all the pupils of a school district whenever the number of children in a given district is reduced below six, and to provide for the free transportation of all of the children to a neighboring school. Such transfer and free transportation are declared by the legislature to be a compliance with the statute in regard to maintaining a school and entitling the district to receive its share of the funds distributed in accordance with the School law. In *People* v. *Moore, supra,* this court held that the question of transferring pupils from one school to another was purely a matter for legislative determination, the only limitation being that the provisions, whatever they were, should be uniform and not discriminatory. Since the high school is a part of our system of public schools the benefits may properly be opened to all

of the children of the State. It is impracticable to maintain a high school in every school district, but it is not impossible to give each child of the State that has finished the eighth grade work the benefit of a high school education by transferring such pupil to some convenient district wherein a high school is maintained; and the payment by the district of the reasonable tuition, which in no case can exceed the *per capita* cost of maintaining such high school, is a corporate purpose, for which the money of the district not otherwise appropriated may be lawfully applied.

It is suggested by appellee that in the practical administration of this act discrimination will result by reason of the district being unable to pay the tuition of all who may apply for transfers. The argument is, that those who apply for transfers while there are available funds to pay tuition will receive the benefits of the high school, while those who may apply later, when the available funds are exhausted, will be denied the high school privilege. If such difficulties are encountered in the practical administration of the statute that affords no reason for holding the law unconstitutional. Manifestly, a board of directors would not be compelled to grant transfers when all of the funds which the district was able to raise within the limit prescribed by the statute had been exhausted. It might as well be argued that the entire School law was discriminatory and invalid because under it some districts were financially unable to furnish their children with as well equipped schools and for as long term as the more populous and wealthier districts. The law does not require impossibilities, and when a board of directors has in good faith exhausted all of the funds which it is able to raise and applied the same to the proper purposes, the fact that there may still be pupils of the district entitled to be transferred to high schools will simply be an unfortunate incident in the administration of the law, the counterpart of which may

be found on every hand in the affairs of municipal government.

Appellee contends that the act is unconstitutional under section 13 of article 4 of the constitution, for the reason that it makes no reference, either in the title or otherwise, to the act of 1907, which is now found as section 122 of the chapter on schools, in Hurd's Statutes of 1913. The old law having been declared unconstitutional before the enactment of the statute now under consideration, it was not necessary or proper in the new act to make any reference to the old law. The new act is not an amendment of the prior unconstitutional act on the same subject. When this court declared the law of 1907 unconstitutional, the effect of that decision was to nullify the act in its entirety and to leave the situation precisely as though the statute had not been passed. The requirement of the constitution that no law shall be revived or amended by reference to its title, only, and that the law revived or amended shall be inserted at length in the new act, only applies to valid existing laws and has no reference to a prior act which is unconstitutional and void.

We fail to find any sufficient reason for declaring the act of 1913 invalid.

It is suggested that the assent of the board of directors to the transfer of pupils to a high school involves the exercise of discretionary power, which will not be controlled by *mandamus*. The petition avers and the demurrer admits that there are unappropriated funds in the district which may properly be applied to the payment of the tuition of relator's children in the high school. It is further averred and admitted that the board of directors of the resident district withheld its assent to such transfer and declined to make any provision for the transfer of the relator's children to the high school, and that no reason is assigned for such refusal. If any sufficient legal reason exists for the action of the board of directors it may be set up by way

of defense, and the court will then determine whether the board of directors has any legal justification for withholding its assent to this transfer. To hold that a board of directors could arbitrarily and without any reason refuse to assent to the transfer of pupils to a high school would place it within the power of any board of directors to nullify the will of the legislature. Manifestly, such was never contemplated when the law was passed. The duties devolving upon the board of directors under this law must be held to be mandatory,—at least to the extent that the board may not capriciously refuse to perform them.

The judgment of the circuit court of Lake county is reversed and the cause is remanded to that court, with directions to overrule the demurrer and to permit appellee, if it shall be so advised, to plead to or answer the petition.

*Reversed and remanded, with directions.*