(No. 22615.—

GUY S. McCURDY *et al.* Appellants, *vs.* THE BOARD OF EDUCATION OF THE CITY OF BLOOMINGTON, Appellee.

*Opinion filed December 18, 1934—Rehearing denied Feb. 13, 1935.*

JAMES C. RILEY, OGLEVEE & FRANKLIN, and TIMOTHY KEOGH, for appellants.

WILL F. COSTIGAN, and W. W. WHITMORE, (STELLA E. WHITMORE, of counsel,) for appellee.

Mr. CHIEF JUSTICE JONES delivered the opinion of the court:

Guy S. McCurdy, Mercer Davis, J. J. Nevin, Frank H. Funk and Carleton H. Burrows filed a petition in the circuit court of McLean county against the Board of Education of the City of Bloomington, Illinois, to contest the result of a special election on the proposition of levying a school tax not exceeding 1.35% for educational purposes. Under a limited appearance the defendant moved to quash the summons and the return thereon and to dismiss the petition. The motion was allowed. Thereafter the petitioners asked leave to amend the original petition and tendered the proposed amendments. The court denied leave to file the amendments. Petitioners have appealed to this court.

The petition alleges that the result of the election was determined in favor of the proposition by a purported majority of twenty-one out of a total of 5143 ballots cast; that fifty-four persons named in the petition voted for the proposition who were not qualified electors of the city of Bloomington, and that if only the ballots of the legal voters had been counted the proposition would have been defeated.

By a special charter granted by the legislature in 1857 the city of Bloomington constitutes one school district, and

under a statute of 1901 requiring all school districts to be numbered, the legal designation and title of the district is school district No. 87, county of McLean and State of Illinois.

The only defendant named in the petition is "the Board of Education of the City of Bloomington, Illinois, a corporation," and appellee contends that the school district, and not the board of education, should have been made the party defendant, and that for want of the necessary party the court was without jurisdiction. It was chiefly on that ground that the circuit court dismissed the petition. Amendments were then offered by petitioners to insert after the name of the original defendant the words, "which is school district No. 87 in the city of Bloomington, county of McLean, and State of Illinois."

A school district with its territorial boundaries coterminous with the boundaries of a city is a corporate entity separate and distinct from the city. (*Board of Education* v. *Upham,* 357 Ill. 263; *People* v. *Stewart,* 281 id. 365; *Speight* v. *People,* 87 id. 595.) Section 117 of the Elections act (Smith's Stat. 1933, chap. 46, par. 120,) provides: "In the case  *  *  *  of all public measures or subjects submitted to the voters of any  *  *  * municipal corporation, or any subdivision of the State, any five electors of the  *  *  *  subdivision of the State, may contest the results of any such election by filing a written statement in the circuit or superior court within thirty days after the result of the election shall have been determined, in like form as in other cases of contested elections in the circuit court. Such  *  *  * municipal corporation or subdivision of the State shall be made defendant and process shall be served as in suits against such  *  *  * municipal corporation or subdivision of the State."

A proceeding to contest an election is purely statutory and the statute must be strictly followed. (*Smith* v. *Township High School District,* 335 Ill. 346; *Browning* v. *Gor-*

*man,* 261 id. 617; *Daugherty* v. *Carnine,* 261 id. 366.)
The Board of Education of the City of Bloomington has
been held to be a corporation, (*People* v. *Mayor of Bloom-
ington,* 130 Ill. 406,) but there is no intimation that it is a
school district. A legally constituted school district is com-
posed of the territory included within its corporate boun-
daries. The board of education is an agency of the State
and not a subdivision thereof. It furnishes the method and
machinery for the government and management of the dis-
trict. (*Kinnare* v. *City of Chicago,* 171 Ill. 332; *McCarter*
v. *Board of Education,* 73 N. J. L. 301, 63 Atl. 93; *Her-
man* v. *Board of Education,* 234 N. Y. 196, 137 N. E. 24.)
It has power to call an election and canvass the returns,
but it does so in behalf of the district for which it acts.
The proposition was submitted to the voters of the sub-
division of the State known as the school district, as re-
quired by the statute, and not to the voters of the board
of education, which is limited to seven members. Under
section 117 the school district as such was the only proper
defendant in the case. (*Smith* v. *Township High School
District, supra; MacGuidwin* v. *South Park Comrs.* 333
Ill. 58.) It was a necessary party and the court correctly
sustained appellee's motion to dismiss the original petition.

We consider now the proposed amendments. One of
the oldest rules of pleading is found in Chitty, (vol. 1,
p. 256,) where it is said: "It must be stated with certainty
who are the parties to the suit. * * * A corporation
must be described in all legal proceedings by its corporate
name." The proposed amendments, which sought to add
the words, "which is school district No. 87, in the city
of Bloomington, county of McLean and State of Illinois,"
were not sufficient to make the school district a party de-
fendant, because the board of education and the school dis-
trict are separate corporate entities under the law. Service
of process upon one is not enough to bring the other before
the court. Leave to amend was not asked until after the

petition had been dismissed. It was then too late. An amendment could not be allowed unless the order dismissing the petition had been vacated. And, moreover, the time allowed by statute for filing a petition against the school district to contest the election had expired. The trial court correctly denied the motion for leave to file the amendments.

It is unnecessary to consider other matters discussed in the briefs.

The orders of the trial court were correctly entered and are affirmed.

*Orders affirmed.*