(Nos. 26404 to 26410 incl.—

THE BOARD OF EDUCATION OF DISTRICT NO. 88, COOK COUNTY, Appellant, *vs.* THE HOME REAL ESTATE IMPROVEMENT CORPORATION, Appellee.—SAME APPELLANT *vs.* THE CHICAGO TITLE AND TRUST COMPANY, Appellee.—SAME APPELLANT *vs.* THE WESTCHESTER REAL ESTATE COMPANY, Appellee.—SAME APPELLANT *vs.* THE OAK PARK TRUST AND SAVINGS BANK, Appellee.—SAME APPELLANT *vs.* MILDRED F. LINDOP, Appellee.—SAME APPELLANT *vs.* THE CHICAGO TITLE AND TRUST COMPANY, Appellee.—THE BOARD OF EDUCATION OF PROVISO TOWNSHIP HIGH SCHOOL DISTRICT NO. 209, Appellant, *vs.* THE HOME REAL ESTATE IMPROVEMENT CORPORATION, Appellee.

*Opinion filed November 24, 1941.*

WARREN H. ORR, THOMAS TIGHE, and CHARLES LIEBMAN, for appellants.

MATTHIAS CONCANNON, HAROLD L. REEVE, WILLIAM B. GARRETT, HERRICK, VETTE & PEREGRINE, HERBERT DECKER, DAVID L. GOLDEN, SEYMOUR R. BLANKSTEIN, BENJAMIN M. BECKER, and EDWARD WARDEN, for appellees.

Mr. JUSTICE FARTHING delivered the opinion of the court:

These consolidated cases, 26404 to 26410, both inclusive, are suits *in personam* by the boards of education of school districts organized under the provisions of the School law, against owners of property forfeited for non-payment of taxes, to obtain judgments for the school districts' share of the unpaid taxes on the forfeited property. At the close of all the evidence in 26404, and on motion to dismiss in the other cases, the circuit court dismissed the complaints because the boards of education were not the proper party plaintiffs, and because the defendants were not indebted to the boards of education, as such. The revenue is involved, and the boards of education have therefore appealed directly to this court.

Appellants claim they were authorized to sue by section 275 of the Revenue act (Ill. Rev. Stat. 1939, chap. 120, par. 756) which provides: "The county board may, at any time, institute suit in a civil action in the name of the People of the State of Illinois in any court of competent jurisdiction for the whole amount due for taxes and special assessments on forfeited property; or any county, city, town, school district or other municipal corporation to which any such tax or special assessment may be due, may, at any time, institute suit in a civil action in

its own name, before any court of competent jurisdiction, for the amount of such tax or special assessment due any such corporation on forfeited property, and prosecute the same to final judgment." The appellees contend that the applicable provisions of the School law, and the decisions of this court, require that a suit to recover unpaid taxes on forfeited property must be brought by the trustees of schools rather than by the school district. They also argue that section 275 of the Revenue act authorizes a suit by the school district only where the school district has been organized pursuant to a special act of the General Assembly which gave the district power to collect and receive taxes; and that the board of education of a school district is not a "school district or other municipal corporation" within the meaning of section 275 of the Revenue act.

If the boards of education of these school districts were not school districts or other municipal corporations, within the meaning of section 275 of the Revenue act, the judgments of the circuit court of Cook county must be affirmed.

In support of the contention that the board of education of a school district is a "school district or other municipal corporation," appellants rely on sections 103, 104, 123, 127, and 91 of the School law (Ill. Rev. Stat. 1939, chap. 122, pars. 111, 112, 131, 136, 99) and on our decisions in *Cook* v. *Board of Directors,* 266 Ill. 164, and *Sanderson* v. *Town of LaSalle,* 117 id. 171.

Section 103 of the School law provides: "In all school districts having a population of fewer than one thousand inhabitants, and not governed by any special act, there shall be elected a board of directors to consist of three members." Section 104 provides: "The directors of each district shall be a body politic and corporate, by the name of 'school directors of district No. .... county of ........ and State of Illinois,' and by that name may sue and be sued in all courts and places where judicial proceedings are had." Section 123 provides: "In all school districts

having a population of not fewer than one thousand and not more than one hundred thousand inhabitants, * * * there shall be elected a board of education to consist of a president, six members," etc. Section 127 provides: "The board of education shall have all the powers of school directors, be subject to the same limitations," etc. Section 91 provides: "For the purpose of building one or more high schools, conducting and supporting such schools and paying all necessary expenses, the territory for the benefit of which a high school is established under any of the provisions of this act, and all high school districts organized under any statute in force at the time of their organization, and all high school districts legalized by statute shall be regarded as school districts, and the board of education of each of said high school districts shall in all respects have the powers and discharge the duties of boards of education elected under the general school law in common school districts having a population of one thousand or more and not exceeding one hundred thousand inhabitants. The board of education of any such high school district shall have the right to build or acquire and maintain one or more sites and erect thereon, buildings, when in their judgment such additional facilities are needed by the district and the site or sites therefor have been lawfully selected."

Section 127 of the School law gives the board of education the powers of school directors, and school directors are given the power by section 104 to sue in all courts where judicial proceedings are had. The fact that the board of education is authorized to sue does not mean, however, that it is the proper party plaintiff to bring suit to recover unpaid taxes. Whether it is the proper party must be determined by a construction of section 275 of the Revenue act, and the quoted statutes are of no assistance in interpreting the words used in that section.

*Cook* v. *Board of Directors, supra,* was a *mandamus* suit to compel the board of directors of the school district

to comply with the provisions of an act of the General Assembly in regard to high school privileges for graduates of the eighth grade, and to compel the board to provide for the payment of the tuition of the students who were sent to high school. The main contention was that the statute on which plaintiff relied contravened section 9 of article 9 of the 1870 constitution. In part it provides that the corporate authorities of counties, townships, school districts, cities, towns and villages may be vested with power to assess and collect taxes for corporate purposes. We held the statute constitutional. It was not disputed in that case, and no question is raised in this one, that the General Assembly could, if it wished, give to corporate authorities of school districts the power to assess and collect taxes. The question before us is whether that power was, in fact, given to the board of education of the school district by section 275 of the Revenue act. Nothing was said in the *Cook case* relative to the question whether the board of education of a school district is a school district or other municipal corporation.

*Sanderson* v. *Town of LaSalle, supra,* was a suit by the town of LaSalle to obtain a judgment *in personam* for unpaid taxes on a lot that had been forfeited to the State for non-payment of taxes. The questions raised in the case were whether the attorneys conducting the suit for the town were authorized by a vote of the town to do so, and whether irregularities in the proceeding to forfeit the property for unpaid taxes were a defense to the action instituted by the town. It was held that neither defense was valid, and the judgment in favor of the town was affirmed. Neither this case, nor *Byrne* v. *Town of LaSalle,* 123 Ill. 581, nor *Greenwood* v. *Town of LaSalle,* 137 id. 225, is in point. The town is named in section 275 of the Revenue act and it brought those suits.

*Proviso Township High School* v. *Oak Park and River Forest Township High School,* 322 Ill. 217, is not in point

because there, also, no question was raised as to whether the proper party brought suit and the case dealt with an entirely different statutory provision.

Appellees cite *People* v. *Thomas,* 361 Ill. 448, and *McCurdy* v. *Board of Education,* 359 id. 188, for the proposition that school districts and the boards of education thereof are not the same, but are separate and distinct entities.

*People* v. *Thomas, supra,* was a *quo warranto* proceeding brought against the members of the board of education of a township high school district. One of the questions presented was whether an election of members of the board of education within sixty days following the affirmative popular vote on the proposition of establishing a township high school district was a prerequisite to the corporate existence of the high school district. This court held that election of members of the board of education was not essential to the validity of the district, and said, on page 453 : "School districts are quasi-municipal corporations. (*Fiedler* v. *Eckfeldt,* 335 Ill. 11 ; *Melin* v. *Community Consolidated School District No. 76,* 312 id. 376.) A legally constituted school district is composed of the territory included within its corporate boundaries. The board of education of the particular district, being an agency of the State and not a subdivision thereof, is a separate and distinct corporation, which furnishes the method and machinery for the government and management of the district.—*McCurdy* v. *Board of Education,* 359 Ill. 188; *Kinnare* v. *City of Chicago,* 171 id. 332."

*McCurdy* v. *Board of Education, supra,* involved a suit against the members of the board of education of the city of Bloomington to contest the result of a special election on the proposition of levying a school tax not exceeding 1.35% for educational purposes. Section 117 of the Elections act then in force (Smith-Hurd Stat. 1933, chap. 46, par. 120) provided: "In the case  *  *  * of all public

measures or subjects submitted to the voters of any * * * municipal corporation, or any subdivision of the State, any five electors of the * * * subdivision of the State may contest the results of any such election by filing a written statement in the circuit or superior court * * *. Such * * * municipal corporation or subdivision of the State shall be made defendant and process shall be served as in suits against such * * * municipal corporation or subdivision of the State." The board of education moved to dismiss the suit because the school district, and not the board of education thereof, should have been made the party defendant, and hence the court was without jurisdiction. This court said on pages 190 and 191: "A proceeding to contest an election is purely statutory and the statute must be strictly followed. (*Smith* v. *Township High School District,* 335 Ill. 346; *Browning* v. *Gorman,* 261 id. 617; *Daugherty* v. *Carnine,* 261 id. 366.) The board of education of the city of Bloomington has been held to be a corporation, (*People* v. *Mayor of Bloomington,* 130 Ill. 406,) but there is no intimation that it is a school district. A legally constituted school district is composed of the territory included within its corporate boundaries. The board of education is an agency of the State and not a subdivision thereof. It furnishes the method and machinery for the government and management of the district. * * * Under section 117 the school district, as such, was the only proper defendant in the case. * * * It was a necessary party and the court correctly sustained appellee's motion to dismiss the original petition." Both of the cases last cited hold that the board of education of a school district is a corporation separate and distinct from the school district itself, and that the terms are not synonymous, as contended by appellants in this case.

In *People* v. *Lee,* 356 Ill. 294, we held good the allegation in an indictment for embezzlement against a township

treasurer, that he embezzled money and property of "School District No. 154, Shelby County."

It should also be noted that section 275 of the Revenue act says nothing about directors or boards of education. It only authorizes a school district to institute suits "in its own name" and for taxes due it, so far as school taxes are concerned. These are suits brought by the boards of education of the school districts, rather than suits by the school districts brought in their own names. They are not authorized by section 275 of the Revenue act which provides explicitly for suits by school districts for that part of the taxes due them.

The question remains whether the board of education of the school district is a "municipal corporation" within the meaning of section 275 of the Revenue act. As showing that it is not such a corporation, appellees rely on *People* v. *Board of Education,* 325 Ill. 320. That case involved a construction of section 118 of the Practice act, which provided that appeals from the circuit and superior courts of Cook county should be taken directly to the Supreme Court "in cases in which the validity of a municipal ordinance is involved and in which the trial judge shall certify that in his opinion the public interest so requires." The trial judge had given the necessary certificate, and the question in the case was whether a rule and regulation of the board of education, which rule was declared by section 131 of the School law to have the force of an ordinance, was a "municipal ordinance" within the meaning of section 118 of the Practice act. The holding was that the fact that the by-laws, rules and regulations of boards of education have the force of ordinances within the district for the purpose of discipline and management of the schools, did not constitute those boards municipal corporations, which are created by government for political purposes and which have subordinate and local powers of

legislation. The word "municipal" applies strictly only to what belongs to a city. (Bouvier's Law Dict.) The word is also defined in Anderson's Law Dictionary as "pertaining to a city or a community within a State, possessing rights of self-government." The rule of this case, that the board of education is not a "municipal corporation" and hence the rules or ordinances enacted by it are not "municipal ordinances," was followed in *Armstrong* v. *City of Chicago,* 328 Ill. 147.

Appellants argue that where the revenue is involved a board of education must necessarily be a municipal corporation within the meaning of that term as used in article 9 of our constitution, otherwise there would be no constitutional limitation on its taxing powers. Section 12 of that article provides that "No county, city, township, school district, or other municipal corporation, shall be allowed to become indebted in any manner or for any purpose, to an amount, including existing indebtedness, in the aggregate exceeding five per centum on the value of the taxable property therein." By its terms, the above section of the constitution applies to school districts, and the board of education, as an agent of the State and manager of the school district *(People* v. *Thomas, supra,)* would not be allowed to contract debts for the school district in excess of the specified constitutional limit.

The board of education of a school district, is not a "school district or other municipal corporation" within the meaning of section 275 of the Revenue act. Consequently, that section did not authorize the boards to bring these suits, and they were properly dismissed by the circuit court.

It is not necessary to discuss the other points raised in the briefs.

The judgments of the circuit court of Cook county are affirmed.

*Judgments affirmed.*