(No. 26647.—

SCHOOL DISTRICT NO. 88 *et al.*, Appellants, *vs.* LENA
KOOPER *et al.*, Appellees.

*Opinion filed May 13, 1942.*

THOMAS TIGHE, and CHARLES LIEBMAN, (ALICE M.
BRIGHT, of counsel,) for appellants.

MATTHIAS CONCANNON, and DAVID B. ROTHSTEIN, for appellees.

Mr. CHIEF JUSTICE MURPHY delivered the opinion of the court:

In this case we are asked to reverse a judgment of the municipal court of Chicago which held that a common school district, or the school trustees of the school township in which the district was located for the use and benefit of the district, or the People of the State of Illinois for the use of the school district, or the People of the State of Illinois for the use of the school trustees of the school township in which the district was located, suing as alternative plaintiffs, each had no right under section 275 of the Revenue act to bring an action *in personam* to recover from the owners the school district's portion of delinquent real estate taxes.

Section 275 of the Revenue act (Ill. Rev. Stat. 1941, chap. 120, par. 756) provides: "The county board may, at any time, institute suit in a civil action in the name of the People of the State of Illinois in any court of competent jurisdiction for the whole amount due for taxes and special assessments on forfeited property; or any county, city, town, school district or other municipal corporation to which any such tax or special assessment may be due, may, at any time, institute suit in a civil action in its own name, before any court of competent jurisdiction, for the amount of such tax or special assessment due any such corporation on forfeited property, and prosecute the same to final judgment."

In *Board of Education* v. *Home Real Estate Improvement Corp.* 378 Ill. 298, the same statute was before us on the right of a board of education of a school district to maintain an action *in personam* against the owners of real estate to recover the school district's share of forfeited taxes, and we held that the board had no authority under

section 275 of the Revenue act to bring such suit as plaintiff, and that the board of education of a school district was not a "school district or other municipal corporation" within the meaning of the statute.

The appellees here contend that none of the alternative plaintiffs is authorized by statute to maintain this action. As to the plaintiffs, People of the State of Illinois for the use of the school district, and People of the State of Illinois for the use of school trustees of the school township, it is pointed out that under section 275 of the Revenue act only the county board can sue in the name of the People and then only for the whole amount of the taxes due, and that there is no statutory authority for a suit in the name of the People for the use of the trustees or for the use of the school district. In regard to the school district, the appellees contend that it has no right of action because school taxes are not due to it but are due to the trustees of schools of the township. It is argued that section 275 of the Revenue act authorizes a suit by the school district only where the school district has been organized pursuant to a special act of the General Assembly with power to collect and disburse tax moneys, and that a school district organized under the general law has no right to sue for taxes because school taxes are not due to it but rather to the trustees of schools of the school township who likewise have no authority to bring this suit because it is not one of the corporations specifically mentioned in the second clause of section 275 authorizing certain specified taxing bodies to sue in their own names for taxes due to them, nor is it a municipal corporation within the meaning of the statute.

Section 275 of the Revenue act provides the exclusive methods of enforcing an owner's personal liability for real estate taxes. It is obvious that the section does not authorize a suit in the name of the People for the use of the school district or for the use of the trustees of schools of

the township, and the municipal court properly sustained the motion to dismiss the action as brought by the plaintiffs, People of the State of Illinois for the use of Trustees of Schools of Township 39, Range 12, Cook county, and People of the State of Illinois for the use of School District No. 88, Cook county, Illinois. The county board can bring suit in the name of the People of the State of Illinois under section 275 for the whole amount due for taxes and special assessments on forfeited property, but these plaintiffs seek to bring an action in the name of the People for the use of the school district or for the use of the trustees of schools, and the claim is only for the school district's portion of the delinquent taxes. There is no statutory authority for such action. Under section 275 where recovery is sought for a portion of the taxes only, the county, city, town, school district or other municipal corporation to which that portion of the tax is due must sue therefor in its own name.

The trustees of schools of the township are not mentioned in section 275 of the Revenue act and have no authority to institute a suit *in personam* for school taxes against the owners of real estate forfeited for non-payment of taxes. The trustees of schools of the school township are not expressly mentioned in the statute and are not a "school district or other municipal corporation" within the meaning of the act. (*Board of Education* v. *Home Real Estate Improvement Corp. supra.*) The suit was properly dismissed as to the plaintiff, Trustees of Schools of Township No. 39, Range 12, Cook county, Illinois, for the use and benefit of School District No. 88, Cook county, Illinois.

The plaintiff, School District No. 88, Cook county, Illinois, is, however, a proper plaintiff to bring this suit, and the municipal court erred in dismissing the claim as brought by the school district for school taxes. Section 275 of the Revenue act expressly authorizes a school district to institute suit "in its own name" for that part of the taxes due

it on forfeited property. Permission of the county board is not a statutory prerequisite to the bringing of such a suit, and the school district can sue for delinquent school taxes on its own initiative.

The appellees contend that under the statutory plan of the general school law, and the decisions of this court, school taxes are due to the trustees of schools of the township and not to the school district, and therefore, the school district has no right of action under section 275 for the recovery of school taxes because no school taxes are due to it. To support this conclusion of a statutory plan the appellees cite sections 35, 41, 46, 48, 49, 64, 68, 71, 81, 82, 114, 119, 189, 190, 193, 205, 210, 211 and 216 of the School law (Ill. Rev. Stat. 1941, chap. 122, pars. 35, 41, 46, 48, 49, 64, 68, 71, 81, 82, 122, 127, 212, 213 216, 228, 233, 234 and 239) and sections 154, 158, 162, 170, 198, 199, 200, 207 and 208 of the Revenue act, (Ill. Rev. Stat. 1941, chap. 120, pars. 635, 639, 643, 651, 679, 680, 681, 688 and 689,) and argue by inference from these statutes that the taxes are due to the trustees of schools rather than to the school districts. The sections cited refer largely to the levy, extension, collection, distribution and expenditure of school taxes, as well as to the powers and duties of the trustees of schools. It would unduly extend this opinion to reproduce the statutes and appellees' argument made therefrom, but we have examined the statutes carefully and the conclusion of appellees is not sustained by the sections cited. Neither the Revenue act nor the School law either expressly or by implication states that school taxes shall not be due and owing to the school districts, and if any inference is to be made from the sections cited, it is that the school taxes belong to the school district and that the funds of the school district are held by the township treasurer for the school districts and belong to the districts from which they are collected. Ill. Rev. Stat. 1941, chap. 122, pars. 70, 71, 80, 81, 82 and 83.

The general school law provides that the school business of all school townships shall be transacted by the trustees of schools of the township. (Ill. Rev. Stat. 1941, chap. 122, par. 20.) They shall ascertain the amount of funds subject to distribution among the school districts and appropriate and distribute the same as provided by law. (Par. 35.) They are invested in their corporate capacity with the title of all school buildings and school sites. (Par. 39.) They may purchase real estate in satisfaction of any judgment in any action in which they are parties (par. 42) and make settlement, and take deeds to real estate in settlement, with persons indebted to them (par. 43) and sell or lease land thus obtained. (Par. 44.) The trustees may change the boundaries of school districts by dividing, consolidating or detaching, upon proper petition. (Par. 46.) In like manner they may create new districts (par. 46) and make distribution to such new districts of tax funds or other funds. (Par. 64.) They elect the township treasurer (par. 67) and designate the bank in which the treasurer may deposit money. (Par. 71.) Mortgages to secure payment of school funds loaned are made to the trustees, suits for the same are brought in their names, and mortgages, notes and securities are made payable to them. (Par. 76.) The treasurer makes a report of the fiscal affairs of the township and each school district to the school trustees. (Par. 79.) The powers and duties of the trustees generally relate to the business affairs of the schools in each township, while the powers and duties of the school directors or the board of education of the school district relate to the supervision of the education of the children within the district, the raising of revenue by tax levy, hiring teachers, maintaining schools, etc. (Ill. Rev. Stat. 1941, chap. 122, par. 111, *et seq.;* *Carter Oil Co.* v. *Liggett,* 371 Ill. 482.) Taxes levied by the school directors or the board of education of the school district are levied upon property within the school district and when collected from property owners of the district

the money is turned over to and held by the township treasurer for the use and benefit of the school district, and can be paid out only on the authorization and direction of the officers of the school district. Section 81 of the School law (Ill. Rev. Stat. 1941, chap. 122, par. 81) provides: "The township treasurer shall pay out no funds of any school district except upon an order of the board of directors signed by the president and clerk, or by a majority of the board." We hold that the school taxes are due to the school district within the meaning of section 275 of the Revenue act.

To explain the meaning of the words "school district" as used in section 275 of the Revenue act, the appellees argue that the statute applies only to school districts organized under a special act of the legislature and not to school districts organized under the general School law. This argument is without force for the statutory authority of section 275 is not limited to school districts organized under a special act of the General Assembly and the only sensible construction to be given to this statute is that all school districts, whether organized under special acts or under the general School law, have the right to sue for delinquent school taxes, and this was the obvious intent of the legislature.

The appellees cite *Tappan* v. *People*, 67 Ill. 339, to sustain their contention that school taxes, under the general School law, are not due to the school districts. The *Tappan case* was an action of debt brought in the name of the People for the use of the trustees of schools of the township against the county collector and his sureties to recover upon the collector's bond for school taxes levied for eight school districts of the township. It was held that the suit was properly brought for the use of the trustees of schools of the township. The case is not authority for the proposition that school taxes are not due and owing to the school district within the meaning of that term as used in sec-

tion 275. Furthermore, the case was decided before the enactment of section 275 of the Revenue act, which expressly authorized the school district to sue in its own name for delinquent school taxes due to it. The legislature had the power to grant such authority to school districts.

The judgment of the municipal court of Chicago as it related to the plaintiff, School District No. 88, Cook county, Illinois, is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*