## FREDERICK RICHARDS

*v.*

## SAMUEL W. RAYMOND.

1. CONSTITUTION—*not a grant, but a restriction of power to legislature.* A State constitution is not to be regarded as a grant of power to the law-making department of the State, but its province is to limit and restrain the power which the legislature possesses independent of that instrument.

2. SAME—*extent of legislative power.* The legislature of a State has the power to enact any and all laws proper for the government and welfare of the people of the State not prohibited by the constitution of the United States or of the State.

3. SAME—*rule in passing on constitutionality of laws.* The courts will not pronounce a statute unconstitutional and void in a doubtful case, but only when its repugnancy to the constitution is clear and apparent.

1879.]        RICHARDS v. RAYMOND.        613

4. HIGH SCHOOLS—*constitutional provision a limitation on legislature.* Section 1 of art. 8 of the present constitution, which provides that the General Assembly shall provide a thorough and efficient system of free schools, whereby all children of this State may receive a good common school education, is intended as a limitation upon the power of the legislature to provide for the maintenance of free schools by local taxation of a different character from that named in the section.

5. SAME—*law for high schools not unconstitutional.* The provisions of section 35 of the School law, for the creation and maintenance of high schools for a township on a vote of the people, are not in violation of the constitution of the State, but are part of a valid and binding law.

6. SCHOOL TAXES—*enjoining, for high school.* Where the proceedings under which a high school of a township was established are regular and in conformity to a valid law, the levy and collection of a tax to maintain the school will not be enjoined, although the course of study adopted may be different from that contemplated by law.

APPEAL from the Appellate Court of the Second District; the Hon. NATHANIEL J. PILLSBURY, presiding Justice, and Hon. JOSEPH SIBLEY and Hon. E. S. LELAND, Justices.

This was a bill in chancery, by Frederick Richards, against Samuel W. Raymond, county treasurer of LaSalle county, to enjoin the collection of a school tax.

The court below, the Hon. EDWIN S. LELAND, presiding, sustained a demurrer to the bill and dismissed the bill. The case was taken by writ of error to the Appellate Court, where the decree of the circuit court was affirmed. The case comes to this court by appeal from the decree of the Appellate Court.

Mr. G. S. ELDRIDGE, for the appellant:

The school established, as set forth in the bill, is not such a school as can be said to fall within and constitute a part of a thorough and efficient system of common school education, whereby its benefits may be made practically available to all the children of the State. This is shown by the bill, and is a fact of which this court must take judicial notice, that is,—what is a common school education, as provided in the statute. The law being unconstitutional the tax is void.

*The People* v. *McAdams,* 82 Ill. 356; *The People* v. *Mayor, etc.* 51 id. 17; *The People* v. *Salomon,* id. 37; *Fisher* v. *The People,* 84 id. 491; Const. of 1870, art. 9, secs. 9 and 10; Const. of 1848, art. 9, sec. 5.

Messrs. MAYO & WIDMER, and Mr. E. F. BULL, for the appellee:

Taxes for the support of high schools have been sustained by this court and the law upheld. *Fisher* v. *The People,* 84 Ill. 491; *Trustees of Schools* v. *The People ex rel.* 87 id. 303.

One rule for the construction of State constitutions, adopted by the courts of all the States, so far as we are informed, and a rule in harmony with the common law, upon which our institutions are founded, is this: "The legislature is supreme, and its acts valid and binding unless they are in express conflict with the constitution of the United States or of the State. Limitations upon the power of the legislature arise either from express words in the constitution or necessary implication." Cooley's Const. Lim. 89–168; Potter's Dwarris on Stat. and Const. 62-4; *The People* v. *Marshall,* 1 Gilm. 672; *Chicago, Danville and Vincennes Railroad Co. et al.* v. *Smith,* 62 Ill. 271; *Lane* v. *Dorman,* 3 Scam. 238; *The People* v. *Hatch,* 33 Ill. 130; *McVeagh* v. *City of Chicago,* 49 id. 318; *The People* v. *Salomon,* 46 id. 333; *Bunn* v. *The People,* 45 id. 397; *Morris* v. *The People,* 3 Denio, 382; *The People* v. *Draper,* 15 N. Y. 543; *Fletcher* v. *Peck,* 6 Cranch, 128; *Sill* v. *Village of Corning,* 15 N. Y. 303; *Bank* v. *Brown,* 26 id. 469; *The People* v. *Denniston,* 23 id. 251; *The People* v. *Fisher,* 24 Wend. 220.

Another rule equally well established is, that courts will never indulge in the supposition that a law is unconstitutional unless the repugnancy is manifest to the understanding. *Chicago, Danville and Vincennes Railroad Co. et al.* v. *Smith,* 62 Ill. 271; *Lane* v. *Dorman,* 3 Scam. 238; *The People* v. *Marshall,* 1 Gilm. 672; *The People* v. *Hatch,* 33 Ill. 130; *McVeagh* v. *City of Chicago,* 49 id. 318; *The People* v. *Salomon* 46 id.

333; *Bunn* v. *The People,* 45 id. 397; *Bureau County* v. *Chicago, Burlington and Quincy Railroad Co.* 44 id. 229.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, to enjoin the collection of a tax levied to sustain a high school established in township 31, range 3, in LaSalle county, under the provisions of section 35 of the School law, (Rev. Stat. of 1874, p. 957,) which is as follows:

"Upon petition of fifty voters of any school township, filed with the township treasurer at least fifteen days preceding a regular election of trustees, it shall be the duty of said treasurer to notify the voters of the township that an election for and against a high school will be held at the next ensuing election of trustees, and the ballots to such effect shall be received and canvassed at such election; and if a majority of the voters at such election shall be found to be in favor of a high school it shall be the duty of the trustees of the township to establish at some central point, most convenient for a majority of the pupils of the township, a high school for the education of the more advanced pupils."

The sole ground relied upon to enjoin the collection of the tax is, that this section of the statute is unconstitutional,—that it is in conflict with section 1 of article 8 of the present constitution, which provides that the General Assembly shall provide a thorough and efficient system of free schools whereby all children of the State may receive a good common school education. This provision of the constitution was doubtless intended as a limitation upon the power of the legislature to provide for the maintenance of free schools by local taxation of a different character from that named in the section. In other words, under the section of the constitution the legislature has the power to enact laws under which a thorough and efficient system of free schools may be established and maintained by local taxation, in which all the children of the State

may receive a good common school education, but to go
farther than this, the legislature would seem to be powerless.
We can not perceive what other purpose was designed by the
section of the constitution. It could not have been intended
as a grant of power to the legislature, for the reason that the
legislature has the power to enact any and all laws proper for
the government or welfare of the people of the State not pro-
hibited by the constitution of the United States or of this
State. It is not the mission of a constitution of a State to
confer power upon the law-making department of the State,
but to limit and restrain the power which it possesses inde-
pendent of constitutions. We are, therefore, satisfied, as the
section of the constitution could not have been designed as a
grant of power, it was intended as a limitation upon the power
of the General Assembly.

But, conceding that the section of the constitution referred
to is a limitation upon the power of the legislature, it by no
means follows that the section of the statute in question is in
conflict with the constitution.

It has been well said that the question, whether a law is
void for repugnancy to the constitution, is at all times a ques-
tion of delicacy, which ought seldom if ever to be decided in
the affirmative in a doubtful case. Potter's Dwarris on Stat.
65. The same principle was announced in *The People* v.
*Marshall,* 1 Gilm. 672, where it was held that it was well set-
tled by the highest tribunals of the nation that it is seldom if
ever in a doubtful case, or upon slight implication, that the
court should declare the legislature to have transcended its
authority. The opposition between the law and the constitu-
tion must be clear and strong in the judgment of the court,
otherwise it can not pronounce the law to be void. With
these well recognized principles in view, can the statute be
held to be in conflict with the spirit of the constitution?

The act in question provides that the school trustees of a
township, where the legal voters of the township have decided
in favor of the proposition at an election held for that purpose,

shall establish a high school in the township for the education of the more advanced pupils. A school of this character is certainly a free school, within the meaning of the constitution. That free schools may be graded and classified so that scholars that may be more advanced in their studies may not be hindered or delayed in the progress of their studies by others less advanced, would seem to be within the spirit of the constitution, that contemplates the creation of a thorough and efficient system of free schools. That one school may be denominated a high school, and another in the same township a district school, can not affect the question in the least.

But the argument is that the school established is not a common school or a school where the children of the State may receive a good common school education, and hence inhibited by the constitution. No definition of a common school is given or specified in the constitution, nor does that instrument declare what course of studies shall constitute a common school education. How can it be said that a high school is prohibited by the constitution and not included within the definition of a common school? The phrase, "a common school education" is one not easily defined. One might say that a student instructed in reading, writing, geography, English grammar and arithmetic had received a common school education, while another who had more enlarged notions on the subject might insist that history, natural philosophy and algebra should be included. It would thus be almost impossible to find two persons who would in all respects agree in regard to what constituted a common school education.

Indeed, it is a part of the history of the State when the constitution was framed, that there was a great want of uniformity in the course of study prescribed and taught in the common schools of the State. In the larger and more wealthy counties the free schools were well graded and the course of instruction of a high order, while in the thinly settled and

poorer counties the old district system was still retained and the course of instruction prescribed was of a lower order.

At the time of the adoption of the constitution there was a wide difference of opinion in different parts of the State, as to what constitutes a common school education, and we apprehend that a constitution which would have impaired in any degree the free high school system in existence in many portions of the State, would not have received the approval of the voters of the State.    But, however that may be, while the constitution has not defined what a good common school education is, and has failed to prescribe a limit, it is no part of the duty of the courts of the State to declare by judicial construction what particular branches of study shall constitute a common school education. That may be and doubtless is a proper question for the determination of the legislature, and as a law has been enacted by it which does not appear to violate the constitution it is not the province of the courts to interfere.

But it is insisted that the directors of the school have, in the course of study adopted, provided for teaching the higher branches, such as are taught in the various colleges of the country.    If the directors of the high school have established a course of study not authorized by law, doubtless there is a remedy in favor of those interested in the school, but that fact affords no ground for relief here.

It is conceded that the proceedings under which the school was established were regular.    If the law was constitutional, then the levy and collection of a tax to maintain the school was proper, although the course of study prescribed was different from that contemplated by law.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*