ELIZABETH A. RUSSELL

*v.*

THE HIGH SCHOOL BOARD OF EDUCATION *et al.*

*Opinion filed October 24, 1904—Rehearing denied December 9, 1904.*

1. SCHOOLS—*any school district may maintain a high school department.* Section 1 of article 8 of the constitution, concerning free schools, is both a mandate to the legislature and a limitation upon its power to establish schools except for a "good common school education."

2. SAME—*a high school department may be established by a school district.* A high school for the education of more advanced pupils is a school of the character required by the constitution, and any school district may establish and maintain a high school department.

3. SAME—*district establishing high school cannot exceed constitutional limit of indebtedness.* Establishment by a school district, under sections 41 and 42 of the School law as amended in 1901, of a high school under the control of a separate board of education does not authorize the district to incur indebtedness in excess of the constitutional limit of five per cent.

APPEAL from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

L. C. RUTH, for appellant.

THATCHER, GRIFFEN & WRIGHT, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellant, a resident and tax-payer of school district No. 131, in Cook county, filed her bill in the circuit court of said county against the appellees, alleging that the taxable property within said district, as ascertained by the last assessment for State and county taxes for the year 1903, was $638,992; that the district had issued bonds and become legally indebted to the amount of $16,500, and that the high school board of education threatened to issue interest-bearing bonds of the district to the amount of $31,000, which would make the indebtedness of said district more than seven per cent of the value of said taxable property, and praying the court to enjoin the defendants from issuing bonds or contracting any obligation which, with existing indebtedness of the district, should exceed five per cent of the value of the taxable property of said district as ascertained by the last assessment for State and county taxes previous to the incurring of such indebtedness. The defendants answered the bill, admitting its allegations as to taxable property and indebtedness of the district, but alleged that the district had a population of 2418, and that a high school had been established therein, known as Morgan Park high school district; that the district was not indebted on account of the establishment or maintenance of said high school, and that the proposed issue of $31,000 of bonds was not within the prohibition of the constitution. The cause was heard upon the bill and answer, and the bill was dismissed for want of equity, at the cost of complainant.

The School law provides for the organization of school districts and the maintenance therein of free schools in which the children of the State may receive a good common school education. (Laws of 1889, p. 242.) Under that act any school district can maintain different departments and grade and classify the scholars so as to promote the efficiency of the school. It may maintain and establish grades and di-

visions for instruction of advanced scholars in the same higher branches that are taught in high schools. Section 1 of article 8 of the constitution declares: "The General Assembly shall provide a thorough and efficient system of free schools, whereby all children of this State may receive a good common school education." That section is both a mandate to the legislature and a limitation upon their power to establish schools except for the purpose of a good common school education. But a high school for the education of more advanced pupils is a school of the character required by the constitution. Any school district may establish and maintain a high school department. (*Richards* v. *Raymond,* 92 Ill. 612; *Powell* v. *Board of Education,* 97 id. 375.) As originally enacted in 1889, the School law provided that any school township might, in pursuance of an election for that purpose, establish a township high school, and the township should be regarded as a school district for that purpose, and the township board of education should have the powers and discharge the duties of directors of such district. It was also provided that two or more adjoining townships or parts of townships might co-operate in the establishment and maintenance of a high school. The evident purpose of these provisions was to enable a township or several school districts to establish a high school where it would be impossible or undesirable for single districts to maintain schools of that grade separately. In 1901, sections 41 and 42 of the School law were amended, and the portion of the amendment material in this case is the following proviso to section 42: "*Provided,* that any school district having a population of at least two thousand (2000) inhabitants, may in the same manner as herein provided for establishing and maintaining a township high school, establish and maintain a high school for the benefit of the inhabitants of such school district, and elect a board of education therefor with the same powers hereby conferred on township boards of education." (Laws of 1901, p. 296.) School district No. 131 established such

a high school for the benefit of the inhabitants of the school district, and the question is whether it can incur an indebtedness in excess of five per cent of the assessed value of the taxable property of the district for the purposes of the high school.

Section 12 of article 9 of the constitution provides: "No * * * school district * * * shall be allowed to become indebted in any manner or for any purpose, to an amount, including existing indebtedness, in the aggregate exceeding five percentum on the value of the taxable property therein, to be ascertained by the last assessment for State and county taxes, previous to the incurring of such indebtedness." It would seem that the language leaves no room for interpretation. The provision is, that any school district having a certain population may establish and maintain a high school for the benefit of the inhabitants of such school district, and the fact is that district No. 131 has established a high school for the district, and in doing so has exercised a power which it already had, the only difference being that the high school is in charge of a different board of education. With reference to township high schools, section 41 provides that for the purposes of building school houses, supporting the school and paying the necessary expenses, the territory for the benefit of which a high school is established shall be regarded as a school district. There is no warrant for saying that when district No. 131 established a high school it became two districts, the one within and co-extensive with the other or the one superimposed upon the other. The establishment of the high school by the school district under the control of a different board of education was a mere division of existing powers of the school district between two boards of education. What the new board of education can do, the district was already authorized to do through the existing board of education. If the legislature, by authorizing a school district to establish a high school, can also authorize it to incur indebtedness beyond the constitutional limit, they could

get rid of all the restrictions of the constitution by authorizing the management of each grade or department of the public school by a different board of education, with different buildings.  Such a construction of our constitution has never been adopted.

Even if it could be said that there are two corporations covering the same territory, the creation of the new one would be nothing but a division or re-distribution of existing powers under the School law, and in *Wilson* v. *Board of Trustees,* 143 Ill. 443, it was said that the organization of the sanitary district was essentially and palpably different from the creation of new corporations vested with some of the functions of local government of pre-existing municipal corporations.  It was within the power of the legislature to provide for the establishment of a high school under the control of a board of education elected for that purpose, but they could not, by multiplying the boards of education in the same territory, authorize the district to incur indebtedness beyond the constitutional limit.  The proposed issue of $31,000 of bonds, including the existing indebtedness of the school district, would exceed the limit, and the court erred in dismissing the bill.

The decree is reversed and the cause is remanded to the circuit court of Cook county, with directions to enter a decree in accordance with the prayer of the bill, enjoining the defendants from issuing bonds or contracting any obligation which, with the existing indebtedness of school district No. 131, shall exceed five per cent of the assessed value of the taxable property therein, to be ascertained by the last assessment for State and county taxes previous to incurring such indebtedness.                    *Reversed and remanded.*