THE PEOPLE *ex rel.* Joseph Brockamp, County Collector, Appellee, *vs.* THE CHICAGO AND ILLINOIS MIDLAND RAILWAY COMPANY, Appellant.

*Opinion filed December 17, 1912.*

1. SCHOOLS—*constitution does not limit right of legislature to fix school tax rates.* There is no constitutional limitation placed on the right of the legislature to fix such rates of taxation for school purposes as it may see fit, nor with reference to the formation of school districts or the agencies the State shall adopt for providing for free schools.

2. SAME—*the legislature has power to authorize township high school boards to levy taxes.* The legislature has the power to provide for the establishment of township high schools as well as school districts, and to confer upon the boards of education a power of taxation to the extent of the will of the legislature.

3. TAXES—*township high school boards have the same limit on taxes for educational purposes as the school directors.* Under sections 85, 91 and 189 of the School law (Laws of 1909, p. 342,) the boards of education in township high school districts have the right to levy a tax for educational purposes up to the limit of

$1.50 on the $100 of assessed property in the township, regardless of the amount of the tax levies for such purposes made by the several school districts of the township. (*Russell* v. *Board of Education,* 212 Ill. 327, and *People* v. *Read,* 233 id. 351, distinguished.)

APPEAL from the County Court of Christian county; the Hon. C. A. PRATER, Judge, presiding.

H. L. CHILD, (WILSON, WARREN & CHILD, of counsel,) for appellant.

ARTHUR YOCKEY, State's Attorney, (W. B. McBRIDE, of counsel,) for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an application by the county collector of Christian county for judgment and order of sale against the property of the appellant for the high school tax in township 13, north, range 2, Christian county, levied by the board of education for the year 1911 for educational purposes, the amount of the tax being $165.29. The appellant appeared and filed objections, which were overruled and judgment and order of sale were entered, and this appeal followed.

There exists a township high school in township 13, range 2, Christian county, which township is also divided into eight school districts, one of which is known as district No. 116. In the year 1911 the school directors of district No. 116 levied a tax of $1.50 per $100 for educational purposes, which was duly certified to the county clerk and extended by him on the property in district No. 116, and the tax extended upon that tax levy was paid by the appellant. The board of education of the township high school of township 13, range 2, for the same year levied a tax of sixty cents per $100 for educational purposes, which was also duly certified to the county clerk and extended by him on the property of the township, which included the property in school district No. 116, and which made a total tax levy by

the two taxing bodies on the property situated in district No. 116, for the year 1911, of $2.10 on the $100. The appellant declined to pay the township high school tax levy of sixty cents on the $100, on the ground that the two taxing bodies were only authorized to levy a tax of $1.50 on the $100 per year for educational purposes, and the sole question to be decided in this case is whether the school district and the township high school district in question are both limited in their tax levy per annum for educational purposes to $1.50 on the $100, or whether each of said taxing bodies can make a tax levy of $1.50 per $100 per annum for educational purposes.

It is provided by section 85 of chapter 122 of Hurd's Statutes of 1911, entitled "Schools," that there may be organized in the several townships of the State, township high schools; and by section 91 of the same act, that for the purpose of building school houses, supporting schools and paying other necessary expenses, the territory for which such township high schools are established shall be regarded as school districts, and the boards of education thereof shall in all respects have the same powers and discharge the same duties which are conferred upon school directors of the common schools of the State; and section 189 of said act provides that the directors of the common schools of the State may annually make a tax levy upon the property of such school districts of $1.50 per $100 for educational purposes.

There is no constitutional limitation placed on the right of the legislature to fix such rates of taxation for school purposes in this State as it may see fit, nor is there any constitutional limitation placed on the legislature with reference to the formation of school districts or as to the agencies the State shall adopt for providing for free schools. (*Fuller* v. *Heath,* 89 Ill. 296; *Merritt* v. *Farriss,* 22 id. 303; *People* v. *Read,* 233 id. 351; *Speight* v. *People,* 87 id. 595.) It is therefore entirely competent for the legislature to provide for the establishment of township high schools as well

as school districts, and to confer upon each of said boards
the power of taxation to the extent of the legislature's will.
The only question, therefore, here presented for considera-
tion is, has the legislature conferred upon each of the cor-
porate bodies of the school districts and the township high
schools in this State the power to levy an annual tax of
$1.50 upon the $100 for educational purposes? There can
be no question but that power is conferred upon school dis-
tricts, and section 91 provides that the township high schools
of the State shall have the same power as school districts.
It would therefore seem to necessarily follow that the boards
of education of township high schools were given the power
to make a tax levy each year for educational purposes of
$1.50 per $100, as well as the school districts of the State.

It is said, however, this court is committed to a differ-
ent doctrine in the cases of *Russell* v. *Board of Education,*
212 Ill. 327, and *People* v. *Read, supra.* The first of those
cases holds that there can only be contracted in the same ter-
ritory, for school purposes, under the constitution of 1870,
a debt of five per cent, while it is held by repeated decisions
of this court that there is no such constitutional limitation
upon the amount of taxes which may be levied for school
purposes. The *Russell case* has therefore no application to
the case at bar. The high school tax in the *Read case* was
not, like this, a township high school tax, but was a high
school tax levied in a high school district whose boundaries
were identical with the school district situated in the same
township, and in that case it was held, under the statute as
it then was in force, there could only be a tax levy made
up to the statutory limit which was specified in the statute,
by those two taxing bodies, but it was conceded in the opin-
ion that it was purely a legislative question as to how high
a levy each taxing body should be permitted to make. The
legislature, so soon as said opinion was reported, amended
the statute so as to provide that each taxing body in a high
school district and a school district similarly situated to the

high school and the school district in that case, could make a tax levy for educational purposes up to the amount fixed by the statute,—that is, $1.50 on the $100. We think the doctrine of the *Read case* should be limited to the facts of that case and that it should not be held to apply to a case like this, where the boundaries of the two districts are not co-terminous but where one includes the entire territory of a township and the other only includes a small fraction thereof.

It is apparent that in many cases to limit the amount of the tax which may be levied in a township by the board of education of a township high school for educational purposes to the amount that would remain of $1.50 on the $100 after the several school districts of the township had made their tax levies would destroy the township high school for want of the power to make a tax levy for educational purposes. The view, therefore, contended for by appellant in that regard is too narrow a construction to be placed upon the statute, and we are of the opinion that the several boards of education of the township high schools of this State should be held to have the right, under the several sections of the statute heretofore referred to, to make an annual tax levy for educational purposes up to $1.50 on the $100 of the assessed property in the township, regardless of the amount of the tax levies of the several school districts of the township.

The county court was right in holding that the sixty cent levy upon the $100 by the board of education of the township high school in township 13, range 2, was authorized, and its judgment will be affirmed.        *Judgment affirmed.*