# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF ILLINOIS.

---

(No. 12424.—Judgment affirmed.)

JAMES FISHER *et al.* Appellants, *vs.* HARVEY FAY, County Clerk, *et al.* Appellees.

*Opinion filed April 15, 1919.*

1. SCHOOLS—*there is no constitutional limitation as to agencies the State shall adopt in providing free schools.* There is no constitutional limitation as to the agencies the legislature shall adopt in providing for free schools or as to the tax rates that shall be fixed for such purpose, and the legislature may form and constitute any territory it may see fit into a school district and give to it corporate powers as such without any vote or consent of the people of the territory.

2. SAME—*the validating act of 1917 is valid.* The high school validating act of 1917 is valid, as it only purports to validate such proceedings with reference to the organization of districts as the legislature might have authorized in the first instance.

3. SAME—*validating act of 1917 makes valid all acts of boards of education authorized by general School law.* The high school validating act of 1917 makes valid every act of the boards of education of the districts affected where such acts were authorized by the general School law, including the levy of high school taxes previously levied in a district coming within the act.

APPEAL from the Circuit Court of Piatt county; the Hon. GEORGE A. SENTEL, Judge, presiding.

HERRICK & HERRICK, for appellants.

GEORGE M. THOMPSON, CHARLES C. LEFORGEE, GEORGE W. BLACK, and THOMAS W. SAMUELS, for appellees.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

Appellants, as land owners and tax-payers of Bement Township High School District No. 108, filed a bill in the circuit court of Piatt county March 6, 1917, to enjoin a tax of $10,000 levied by the president and board of education of said district July 22, 1916, for educational and building purposes. The county clerk of said county, the tax collectors of the several towns of said school district and the board of education thereof were made parties defendant and a preliminary injunction was issued. Defendants answered the bill and moved to dissolve the injunction, supported by affidavits. Appellants also filed affidavits and introduced evidence in support of their bill. On final hearing, June 10, 1918, the court dissolved the injunction, dismissed the bill for want of equity at appellants' costs, and they prayed and have perfected this appeal.

The evidence discloses that on September 18, 1915, a petition was filed with the county superintendent of schools of said county in the usual form and signed by more than fifty of the legal voters of said territory, praying that he submit, at an election to be held for that purpose, the proposition to organize the territory therein named, containing about eighty-four sections of contiguous and compact territory in said county, into a high school district. An election was regularly called, advertised and held October 9, 1915, in said territory, and at the election there were cast 353 votes for the organization of said township high school and 232 against such organization. The vote was declared and published and the district was duly organized

in accordance with the provisions of the High School act of June 5, 1911, under the name aforesaid. An election for a board of education, consisting of a president and six members, was then duly called, advertised and held November 6, 1915, under said act, and a president and six members were then duly elected as the board of education for the district. Thereafter, on proper petitions and elections, school district No. 77 in said county, having a territory of two sections, was duly annexed to said high school district, and the county superintendent of schools filed with the county clerk of said county on April 3, 1916, his certificate of annexation, and directed him to add the two sections composing district 77 to high school district No. 108. On June 1, 1916, appellants presented a petition for *certiorari* to the circuit judge of said county against the county superintendent of schools and the president and members of the board of education of said high school district No. 108, in substance charging that the alleged organization of the said district was void and the statute of June 5, 1911, under which it was organized, unconstitutional. Leave was granted, and upon the return made and a hearing the circuit court quashed the writ and dismissed the petition. On appeal to this court the judgment of the circuit court was on February 21, 1917, reversed and the cause remanded. (*Fisher* v. *McIntosh,* 277 Ill. 432.) It further appears that after the cause was remanded by this court and re-instated in the circuit court, and after the validating act of June 14, 1917, was passed and became a law, the writ of *certiorari* was again quashed and the petition dismissed. Teachers were employed and a high school has been conducted in rented premises in said district No. 108 up to the filing of this bill, since the fall of 1916. The board of education authorized an issue of bonds in the amount of $55,000 for the purpose of constructing a high school building in said district pursuant to a vote of the people, and the bonds were sold prior to the filing of this bill but were not deliv-

ered. About one-half of the $10,000 tax levied and sought to be enjoined by this bill has been collected from the taxpayers but the other half is still unpaid.

The bill set up the foregoing facts and the ultimate facts from which the foregoing conclusions are drawn in detail, and other facts, and is in proper form. It was charged in the bill that the act under which said district was sought to be organized is unconstitutional and void. This court has so held in *People* v. *Weis,* 275 Ill. 581. The bill further charged that the validating act of June 14, 1917, is unconstitutional and void, as contravening section 2 of article 2 and sections 9 and 10 of article 9 of the constitution of Illinois and the fifth and fourteenth amendments to the constitution of the United States, and that for those reasons said act had no legal effect to validate said district or the election of the board of education or any of the official acts of such board.

The validating act approved June 14, 1917, purports to validate all elections for the organization of high school districts, and all such high school districts and all boards of education, and all their official acts done, had or performed, when such acts are such as are authorized to be done, had or performed by the general School law of this State, in all cases where a majority of the inhabitants of any contiguous and compact territory voting on the proposition have voted, at any election called for the purpose by a county superintendent of schools, in favor of the organization of such territory into a high school district, and when, at a subsequent election similarly called and held, a board of education has been chosen for such district. There is no constitutional limit placed upon the rights and powers of the legislature to fix such rates of taxation for school purposes in this State as it may see fit, nor is there any constitutional limitation placed on the legislature with reference to the formation of school districts or as to the agencies the State shall adopt for providing for free schools.

(*People* v. *Chicago and Illinois Midland Railway Co.* 256 Ill. 488; *Speight* v. *People*, 87 id. 595.) Section 1 of article 8 of the constitution expressly provides that "the General Assembly shall provide a thorough and efficient system of free schools, whereby all children of this State may receive a good common school education." There is not a suggestion anywhere in the constitution that the legislature cannot, by enactment, form and constitute any territory it may see fit into a school district and give to it corporate powers as such, without any vote or consent of the people of that territory. Inasmuch as the legislature may do this or authorize the organization of high school districts out of compact and contiguous territory without requiring a petition or vote of the people on the question, this court has frequently held said validating act valid under the familiar principle that the legislature may validate by a curative act any proceeding which it might have authorized in advance. (*People* v. *Madison*, 280 Ill. 96; *People* v. *Fifer*, id. 506; *People* v. *Stitt*, id. 553; *People* v. *Woodruff*, id. 472.) We have also held that said act had the effect to make valid every act of such a board of education which under the general School law boards of education are empowered to do and perform, including high school taxes previously levied in such district coming within the provisions of the act. (*People* v. *Mathews*, 282 Ill. 85; *People* v. *New York Central Railroad Co.* id. 11; *People* v. *Pittsburg, Cincinnati, Chicago and St. Louis Railroad Co.* 284 id. 87; *People* v. *New York Central Railroad Co.* 282 id. 458.) It was expressly held in said cases, and particularly in *People* v. *Pittsburg, Cincinnati, Chicago and St. Louis Railroad Co. supra,* that said act neither violates sections 9 and 10 of article 9 nor section 2 of article 2 of the constitution. If the validating act is valid under our constitution, there is no more reason for saying that the said act contravenes the fifth and fourteenth amendments of the constitution of the United States than there is for saying that any other

high school act in this State contravenes them, so far as we are able to see. No pertinent reason has been suggested by counsel why the act violates the constitution of the United States, and we therefore re-affirm the validity of the act.

It is suggested by counsel that this case is different from any other that has arisen under said act because of the fact that it has been constantly and persistently fought by appellants from the very organization of the district. This case does not possess that rare distinction, as will be observed by a reading of the cases already cited herein as well as many other cases that have been decided by this court under said act. The case was properly decided by the lower court according to the law as it existed when the judgment was rendered.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*