(No. 12985.—Judgment affirmed.)

THE PEOPLE *ex rel.* George Farrar, County Collector, Appellee, *vs.* J. E. EDWARDS, Appellant.

*Opinion filed December 17, 1919.*

1. CONSTITUTIONAL LAW—*community high school curative act of 1919 is valid.* The act of 1919, (Laws of 1919, p. 907,) to legalize the organization of community high school districts attempted to be organized under the invalid section 89 of the general School law of 1917, is a valid law.

2. SCHOOLS—*application of community high school curative act of 1919.* The curative act of 1919 (Laws of 1919, p. 907,) applies to any school district which was attempted to be organized under any of our high school acts which are in the class mentioned in section 1 of the act and which are invalid because not organized in accordance with the requirements of statutes that are valid laws.

3. TAXES—*tax for community high school is valid.* A tax for a community high school in a district validated by the curative act of 1919 is valid even though the section of the statute under which the district was originally organized is invalid.

APPEAL from the County Court of Cass county; the Hon. C. A. E. MARTIN, Judge, presiding.

C. A. GRIDLEY, THOMAS D. MASTERS, and WALTER T. DAY, for appellant.

LLOYD M. McCLURE, and STEVENS & HERNDON, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

The county collector of Cass county applied to the county court for judgment and order of sale against the property of J. E. Edwards for delinquent taxes levied by Community High School District No. 212, which was organized in 1917 under section 89 of the general School law as amended in 1917, which provided for the establishment of a community high school. The objection made to the

tax was, that the act under which the pretended organiza-
tion was had had been declared unconstitutional in *Kenyon
v. Moore, 287* Ill. 233, and that the tax levied was therefore
void.   It was further contended that the curative act of
May 1, 1919, is unconstitutional and that it does not vali-
date the tax.   The county court overruled the objections
and entered judgment, from which this appeal was prayed
and perfected.

The act to legalize the organization of community high
school districts, approved and in force May 1, 1919, pro-
vides in section 1: "That in all cases where a majority
of the inhabitants of any compact and contiguous territory
voting on the proposition, having voted at any election called
for the purpose by the county superintendent of schools, in
favor of the organization of such territory into a community
high school district, and when at a subsequent election simi-
larly called and held a board of education has been chosen
for such district, each such election is hereby made legal and
valid and such territory is hereby declared legally and val-
idly organized and established as a high school district, and
a valid and existing school district and body politic and cor-
porate of the State for the purpose of establishing and main-
taining a high school.   The board of education acting for
each such district is hereby declared to be the duly consti-
tuted corporate authority thereof, and each such board shall
hereafter consist of five members, and shall be elected and
organized in the same manner and have the powers and dis-
charge the duties of boards of education of school district
as provided by sections 86, 126 and 127 of an act entitled
'An act to establish and maintain a system of free schools,'
approved and in force June 12, 1909, as said sections now
exist or may from time to time be amended."   And in sec-
tion 2, that "all acts and proceedings heretofore done, had
or performed, by each such district and the persons from
time to time elected and acting as the board of education
thereof, such as are authorized to be done, had or performed

290—30

by school districts or boards of education thereof by the general school laws of the State, are hereby declared to be legal and valid in all respects, anything in any special charter to the contrary notwithstanding." (Laws of 1919, p. 907.)

This act is substantially in the words of the curative act of June 14, 1917. The constitutionality of the 1917 act was considered and sustained in *People* v. *Madison,* 280 Ill. 96, *People* v. *Woodruff,* 280 id. 472, and *People* v. *Fifer,* 280 id. 506. All the reasons urged against the constitutionality of the act of 1919 were urged in those cases against the constitutionality of the act of 1917, and what we have there said is conclusive on the question of the validity of the act here in question. No good purpose could be served by re-stating our reasons and we content ourselves with the reasons there given.

The legislature did not by this curative act purport or attempt to legalize section 89 of the general School law, which was declared unconstitutional in *Kenyon* v. *Moore, supra.* The act is still void notwithstanding the curative act, and no school district can be organized in the future under that act which will be valid. We may disregard the fact that section 89 was ever enacted. In other words, the validity of the curative act of 1919 is not dependent upon the act of 1917 or any other act, but the test of its validity is, might the legislature, in the exercise of its constitutional powers, have authorized the organization of the territory here in question into a high school district, and if so, might it have authorized the organization by the procedure here adopted? We have no doubt the legislature had such power. The curative act of 1919 applies to any school district which was attempted to be organized under any of our high school acts, which are in the class mentioned in section 1 of the act, and which are invalid because not organized in accordance with the requirements of the statutes that are valid laws. We hold that the curative act is valid and that it ap-

plies to this case. This being so, we hold that the tax was validated by this act, and refer to *Fisher* v. *Fay*, 288 Ill. 11, *People* v. *Pittsburg, Cincinnati, Chicago and St. Louis Railroad Co.* 284 id. 87, *People* v. *Craft*, 282 id. 483, *People* v. *Mathews*, 282 id. 85, and *People* v. *New York Central Railroad Co.* 282 id. 11, where all of the objections urged against this tax are fully considered and disposed of, contrary to the contentions of appellant.

The county court properly overruled the objections of appellant, and the judgment is therefore affirmed.

*Judgment affirmed.*