(No. 18623.—

THE PEOPLE *ex rel.* Earl Swingle, County Collector, Appellant, *vs.* PETER PINARI, Appellee.

*Opinion filed October 25, 1928.*

FRANK M. RAMEY, State's Attorney, J. D. WILSON, and MAJOR & MAJOR, for appellant.

GEORGE P. O'BRIEN, for appellee.

Mr. CHIEF JUSTICE DEYOUNG delivered the opinion of the court:

The county collector of Montgomery county applied to the county court of that county for judgment against and an order for the sale of lands upon which the taxes for the year 1926 were delinquent. Peter Pinari filed objections to the taxes levied by Witt School District No. 66 and Nokomis Township High School District No. 149, both in Montgomery county. The objections were sustained, judgment was refused, and the collector prosecutes this appeal.

The facts are not in dispute. Witt School District No. 66 was organized in 1906 and its affairs are administered by a board of education. Since its organization the district has provided the courses in the grades, and has since 1917, with the exception of the school year 1921-22, offered a four-year high school course approved by the Superintendent of Public Instruction. During the excepted year the high school course was reduced to three years. The district employs a superintendent and nineteen teachers, five of whom devote their efforts to high school work. The superintendent's time is divided between the grade and high school courses. The enrollment in the grades is 587 and in the high school 112. In 1926 the board of education levied $18,000 for educational and $6000 for building purposes. No division or apportionment was made between the two departments of the school but each tax was levied as a single item. Appellee owned a forty-acre tract of farm land within the district, and its equalized value was fixed at $1690. The Witt school district taxes were extended against this parcel of land at the rate of $3.87 on each $100 of the valuation, the taxes amounting to $65.41.

The Nokomis Township High School District was organized in 1918 and maintains a high school offering a four-

year course. For the year 1926 this district levied $20,000 for educational purposes and $8000 for building purposes. These taxes were extended against appellee's forty-acre tract at the rate of $1.16 on each $100 of valuation and amounted to $19.61.

For a reversal of the judgment appellant contends that a common school district and a high school district are separate and distinct public corporations exercising different functions for different purposes; that a high school district may overlap a common school district which maintains a high school department, and that in such cases land lying within both districts may be taxed by both for high school purposes. Appellee, on the contrary, insists that two school districts exercising the same powers cannot legally exist at the same time within the same territory; that a school district maintaining a high school offering a recognized four-year course is a high school district for the purpose of taxation; that the law does not permit double taxation for the purpose of affording the children of the State a high school education, and that the levies by the Witt school district and the Nokomis township high school district amount to double taxation for that purpose because a part of the taxes levied by the former and all of the taxes levied by the latter are for high school purposes.

Section 1 of article 8 of the constitution provides that "the General Assembly shall provide a thorough and efficient system of free schools, whereby all children of this State may receive a good common school education." In carrying out this constitutional mandate no limitation is placed upon the General Assembly with reference to the formation of school districts or the agencies that shall be created to institute and maintain free schools, and the General Assembly may provide for the establishment of school districts for different purposes and confer upon the respective local authorities the power of taxation. (*People* v.

184

*Cleveland, Cincinnati, Chicago and St. Louis Railway Co.*
288 Ill. 70.) The common schools are primarily concerned
with the rudiments of education and the studies in the
grades. (*People* v. *Young,* 309 Ill. 27; *People* v. *Wood-
ward,* 285 id. 165.) Yet the high school for the education
of more advanced pupils, as well as the grade school, is a
part of our system of free schools. (*People* v. *Chicago and
Northwestern Railway Co.* 286 Ill. 384; *Cook* v. *Board of
Directors,* 266 id. 164.) Any school district may establish
and maintain a high school department. (*Russell* v. *High
School Board,* 212 Ill. 327; *People* v. *Moore,* 240 id. 408.)
The General Assembly has the power to provide for the
establishment of township high schools as well as grade
schools and to confer the power of taxation upon the boards
of the respective districts. (*People* v. *Chicago and Illinois
Midland Railway Co.* 256 Ill. 488.) The fact that the ter-
ritory of a new high school district embraces all or parts
of existing common school districts in which high school
subjects are taught does not render the organization of the
new district unconstitutional. (*People* v. *Woodward, supra;
People* v. *Bruennemer,* 168 Ill. 482.) Nor is it constitu-
tionally objectionable to include in a new high school dis-
trict territory which already contributes to the maintenance
of a high school affording a four-year course of study.
(*Schrodt* v. *Holsen,* 299 Ill. 247.) In *Hartmann* v. *Peso-
tum School District,* 325 Ill. 268, a community consolidated
school district conducted a three-year high school although
a portion of the consolidated district was located within
a regular high school district. It was held that residents
of the overlapping territory could not escape the pay-
ment of taxes for a school building in the consolidated dis-
trict merely because a part-time high school course was of-
fered in the building. The powers and functions of the
Witt school district and the Nokomis township high school
district are not the same. Instruction in the grades is the
primary purpose of the former, while the latter was organ-

ized and exists solely to offer more advanced courses of study. The fact that the Witt school district has added a high school department does not transform it into a high school district. Hence the rule that there cannot be at the same time, within the same territory, two distinct municipal corporations exercising the same powers, jurisdiction and privileges has no application. If it is a hardship that taxpayers are required to contribute to the support of different schools where the higher branches of learning are taught, the appeal must be to the law-making power. The courts cannot relieve from hardships resulting from valid legislative acts. *People* v. *Bruennemer, supra; Trustees of Schools* v. *People,* 161 Ill. 146.

The judgment of the county court of Montgomery county is reversed and the cause is remanded to that court, with directions to overrule appellee's objections.

*Reversed and remanded, with directions.*