(No. 31648.—

Joe Cohen *et al.*, doing business as J & M Finance Co., Appellants, *vs.* Marty Lerman, Appellee.

*Opinion filed January 18, 1951.*

Myer H. Gladstone, of Chicago, for appellants.

Philip Baim, of Chicago, (Abraham Miller, of counsel,) for appellee.

Mr. CHIEF JUSTICE SIMPSON delivered the opinion of the court:

Appellants, Joe Cohen and Meyer Cohen, doing business as J & M Finance Company, obtained a judgment by confession in the municipal court of Chicago against the appellee for the total sum of $1680.85, on account of three notes bearing the endorsement of appellee, as guarantor. Two weeks later, after due notice had been given to appellants, appellee filed a petition to open up and set aside the judgment entered against him.

The petition alleged that at the time the notes sued on were executed and delivered, the appellants were transacting business under the assumed name of J & M Finance Company, without having complied with the laws of this State relating to persons conducting or transacting business under an assumed name; that because of the failure of appellants to file a certificate registering the assumed name with the county clerk of the proper county, appellants were not lawfully transacting business in this State and had no legal status, as individuals, to sue and obtain judgment on the notes made payable to the business under its assumed name. An amendment to the petition added an affirmative defense to the effect that partial payment had been made of the sum claimed to be due. Appellants denied that the statute barred their action and claimed that the statute was void and unconstitutional.

After a hearing on the issues made by the pleadings, the trial court found that appellants, at the time of the transactions in controversy, were engaged in doing business under the assumed name of J & M Finance Company and that they, at the time of such transactions, had not filed a certificate in compliance with the applicable statutes relating to persons transacting or conducting business under an assumed name. The former judgment in favor of appellants was opened up and set aside. Judgment was then entered in favor of appellee and against the appellants. The trial

court, in its judgment order, reserved for further consideration the affirmative defense presented by the amended petition, in case its judgment should be reversed on appeal. Appellants have appealed to this court, the validity of a statute being involved.

Appellants contend that the trial court erred in setting aside the judgment in their favor and entering judgment in favor of appellee; that punishment for violation of the statute must be limited to the penalty therein prescribed; and that the statute regulating the use of an assumed name is unconstitutional.

The question presented is whether appellants, who were the holders of promissory notes made payable to J & M Finance Company, the name under which they were conducting their business, were barred from obtaining judgment on the notes because they had failed to register their assumed business name with the county clerk as required by law. The provisions of "An Act in relation to the use of an assumed name in the conduct or transaction of business in this State," (Ill. Rev. Stat. 1949, chap. 96, pars. 4-8,) make it a misdemeanor for any person, or persons, to conduct or transact business in this State under an assumed name without having first filed a certificate with the county clerk of the proper county, setting out the assumed business name, as well as the real name and post-office address, of the persons owning, conducting, or transacting such business. The act provides a penalty of a fine or imprisonment, or both, and makes each day that business is conducted in violation of the act a separate offense.

A question similar to that presented in this case was determined in the case of *Grody* v. *Scalone, ante,* p. 61, decided at the November, 1950, term of this court. In construing the act in question, we determined that the legislature had made no provision for a cumulative penalty in such cases and concluded that the legislature intended that the penalty expressed in the act should be exclusive. We

quoted with approval from *Sagal* v. *Fylar*, 89 Conn. 293, 93 Atl. 1027, where the court pointed out that the remedial purpose of such statutes was manifestly that the public should have ready means of information as to the personal or financial responsibility behind the assumed name; that the aim of such statutes was the protection of persons who might deal with, or give credit to, the fictitious entity engaged in business; and that it was not the purpose of such statutes to provide a means by which persons having received a benefit from another should be able to retain it without compensation; that the penalty provided by the statute was enacted for the purpose of securing compliance with the statute and that a further penalty would create a cumulative penal result with which the evil sought to be remedied was scarcely commensurate.

In our former decision (*Grody* v. *Scalone*) we held that the obligation of a contract entered into under an assumed business name was not destroyed by mere failure to register the assumed name with the county clerk as required by statute. The rule there announced applies with equal force to the issues presented in the instant case. The trial court erred in entering judgment in favor of the appellee and against the appellants, and the cause must be returned to the trial court for further consideration of the other issues presented by the pleadings.

The conclusion reached makes it unnecessary to consider the questions concerning the constitutionality of the act. The constitutionality of a statute will never be determined when the cause in which its determination is sought may be finally disposed of without such determination. *People ex rel. Mills* v. *Fairfield Community High School Dist.* 397 Ill. 233; *Durkin* v. *Hey*, 376 Ill. 292.

For the reasons assigned, the judgment is reversed and the cause remanded to the municipal court of Chicago, with directions to take such further proceedings as will not be inconsistent with the views herein expressed.

*Reversed and remanded, with directions.*