DIANE DUESING CARLSON, Plaintiff-Appellant, *v.* CLIFFARD D. CARLSON, Defendant-Appellee.

First District (3rd Division)  No. 62292

Opinion filed June 3, 1976.

Andrew M. Raucci, of Chicago, for appellant.

Pollak & Welsh, Ltd., of Chicago, for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Diane Duesing Carlson, appeals from an order of the circuit court of Cook County dismissing her complaint for separate maintenance against her husband, Cliffard D. Carlson. On June 27, 1975, plaintiff filed the complaint in Cook County. The complaint recited that the parties were married in Geneva, Illinois, in 1973 and had lived and cohabited together until June 26, 1975. It further recited that she was a resident of Cook County and that both parties had resided in Illinois for more than one year preceding the filing of the complaint. The plaintiff did not set forth the county of defendant's residence in her complaint. Defendant was served personally in Kane County.

Defendant filed a special and limited appearance and moved the court in accordance with section 48 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 48) to dismiss the complaint for separate maintenance or, in

the alternative, to transfer the cause to a court having proper jurisdiction. The motion stated that defendant resided in Kane County, and that proceedings for separate maintenance are required by statute to be instituted in the county where the husband resides. Attached to the special and limited appearance was defendant's affidavit in which he stated that the parties were married in Kane County; that at all times after the marriage and at all times while they lived and cohabited together and at all times subsequent to their separation defendant resided in Kane County; and that he never resided in Cook County. After hearing argument on July 16, 1975, the trial court dismissed plaintiff's complaint. The court also denied plaintiff's motion to file an amended complaint for divorce or for separate maintenance. Plaintiff appeals, contending that the statute requiring a separate maintenance suit to be brought in the county in which the husband resides is unconstitutional. (Ill. Rev. Stat. 1973, ch. 68, par. 23.) She also argues that the court erred in not allowing her to file an amended complaint.

■■ The constitutionality of a statute will not be passed on when the cause in which its determination is sought may be finally disposed of without such determination. (*Cohen v. Lerman* (1951), 408 Ill. 155, 96 N.E.2d 528.) A court may decline to pass on the constitutionality of a statute where there is no showing on the record that the application of the statute will prejudicially and injuriously affect the interests of the party asserting its unconstitutionality. See *Hornof v. Kroger Co.* (1966), 35 Ill. 2d 125, 219 N.E.2d 512; *Liberty National Bank v. Collins* (1944), 388 Ill. 549, 58 N.E.2d 610.

In our judgment, the trial court erred in dismissing the present complaint. We believe that, under the authority of *Chrastka v. Chrastka* (1971), 2 Ill. App. 3d 722, 277 N.E.2d 729, the appropriate order would have been to transfer the cause to Kane County. In so holding, we do not reach the constitutionality of the separate maintenance venue statute. In *Chrastka*, plaintiff filed her complaint for divorce and separate maintenance in McHenry County, but the complaint was silent as to the county of residence of either party. Defendant filed an appearance and answer, and an agreed order for temporary alimony and child support was entered. On the day the cause was set for trial, plaintiff obtained leave to file an amended complaint containing only a single count for separate maintenance. The amended complaint remained silent as to county of residence. Defendant responded with a motion to dismiss on the ground that he was not and had never been a resident of McHenry County. This court concluded that section 48 of the Civil Practice Act

"authorizes involuntary dismissal where the court does not have jurisdiction of the subject matter, *provided the defect cannot be removed by transfer of the case to a court having jurisdiction.*

(Emphasis supplied). Plaintiff alleged, and defendant admitted, she had been a resident of Illinois for more than one year immediately preceding the filing of her original complaint, so it does appear that if jurisdiction of the subject matter is in fact lacking in McHenry County the cause is capable of transfer to the Circuit Court of the proper county in Illinois, and transfer rather than dismissal is the disposition provided by statute where the jurisdictional defect can be removed." 2 Ill. App. 3d 722, 726-27.

■■ In the present case, the undisputed facts gleaned from the pleadings and affidavits are that the parties were married in Kane County, that they lived and cohabited together in Kane County until the day before plaintiff commenced this action in Cook County, and that defendant continues to reside in Kane County. The two counties are physically proximate to each other, and there would be no inconvenience to the parties or to witnesses if the matter proceeded in Kane County. The record does not disclose any prejudice to plaintiff if the matter were tried in Kane County. It is unnecessary, therefore, to reach the issue of the constitutionality of the statute. We hold that the trial court erred in dismissing the complaint, and in not transferring the cause to Kane County.

In view of our holding, it is also unnecessary to consider plaintiff's contention that the trial court erred in not permitting her to file an amended complaint for divorce or separate maintenance.

Accordingly, the order of the circuit court of Cook County dismissing plaintiff's complaint is reversed, and the cause is remanded with instructions to transfer the cause to Kane County.

Order reversed and remanded with directions.

MEJDA, P. J., and DEMPSEY, J., concur.